**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-50292

_____

JOSE HERNANDEZ,

Plaintiff-Appellant,

versus

JOBE CONCRETE PRODUCTS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas

February 26, 2002

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff-Appellant Jose Hernandez ("Hernandez") brought this suit in state court against his former employer Jobe Concrete Products, Inc. ("Jobe") after he suffered an on-the-job injury. After Jobe successfully removed the case to federal court, the district court issued a judgment dismissing Hernandez's complaint and compelling arbitration between the parties. On appeal, Hernandez challenges the subject matter jurisdiction of the district court. We must decide whether ERISA's preemption provisions confer federal jurisdiction, or whether the district court should have granted

Hernandez's motion to remand the case to state court.

Hernandez injured his back in the course of his employment for Jobe. Hernandez contends that after his return to work following his injury, he was required to perform "arduous manual work" in contravention of his doctor's instructions. As a result, Hernandez quit his job with Jobe, and his medical benefits under Jobe's occupational injury plan ceased. Hernandez subsequently brought suit against Jobe, asserting claims for unlawful retaliation, negligence, breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. After Hernandez's initial claim was filed in state court, Jobe removed the case to federal district court pursuant to 28 U.S.C. § 1331, alleging that Hernandez's state law claims were preempted by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001 et seq., because his claims related to an employee benefit plan. Jobe then filed a motion to compel arbitration and to stay proceedings, and a FED. R. CIV. P. 12(b)(6) motion to dismiss. Hernandez filed a motion to remand to state court, arguing that Jobe's benefit plan, as a state-regulated workers' compensation plan, was exempt from the provisions of ERISA under 29 U.S.C. § 1003(b). Rather than addressing Hernandez's motion to remand, the district court granted Jobe's motion to compel arbitration, denied all remaining motions as moot, and dismissed the case. We must now determine whether Jobe's plan is an ERISA plan subject to federal preemption, or whether it falls within the exception to preemption reserved for state workers' compensation plans.

We review the denial of a motion to remand de novo. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).[1]

---

[1] We note that the district court failed to specifically address Hernandez's motion to remand when it denied all motions and dismissed the complaint. In light of the fact that Hernandez has not requested a remand to the district court for consideration of his motion, and in the interest of judicial

ERISA, a comprehensive federal scheme designed to protect the participants and beneficiaries of employee benefit plans, supercedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). An employee benefit plan is defined as "any plan, fund or program" established or maintained by an employer or employee organization to provide participants and their beneficiaries with "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). The parties agree that Jobe's plan is a benefit plan that would normally fall within the scope of ERISA. However, they disagree as to whether the plan falls within one of the statute's exceptions to preemption. Section 1003(b)(3) exempts from ERISA coverage any employee benefit plan if "such plan is maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance laws." 29 U.S.C. § 1003(b)(3).[2] If a claim is preempted by ERISA, and relates to an employee's status as the beneficiary of a benefit plan, it falls within the federal court's jurisdiction and is removable pursuant to 28 U.S.C. § 1441(b). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (holding causes of action falling within ERISA's enforcement provisions, codified at 29 U.S.C. § 1132, are removable under complete

---

economy, we resolve the issue here. Because this appeal raises purely legal questions, we can proceed without violating the prohibition against factfinding by the appellate court. *See* 28 U.S.C. § 1291.

[2] In *Shaw v. Delta Airlines, Inc.*, the Supreme Court held that this exception will apply only to plans which are both separately administered and maintained solely to comply with state law. 463 U.S. 85, 107-108 (1983); *Gibbs v. Serv. Lloyds Ins. Co.*, 711 F. Supp. 874, 878-79 (E.D. Tex. 1989). A failure of either requirement is dispositive. *Guilbeaux v. 3927 Found., Inc.,* 177 F.R.D. 387, 394 n.2 (E.D. Tex. 1998) (concluding that since plan was not "solely to comply" with state law, a discussion of the "separately administered" component was unnecessary).

preemption doctrine); *Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994).[3]

The Texas Workers' Compensation Act ("TWCA") governs the distribution of benefits to workers who are injured on the job. The Texas statute is different from most other states in that it gives employers the option not to carry insurance coverage under the TWCA. *See* TEX. LAB. CODE ANN. § 406.002 (Vernon 1996). If an employer chooses not to carry such coverage, then the non-subscriber's employees retain the right to sue their employer in state court, and the employer is deprived of traditional common law defenses. TEX. LAB. CODE ANN. § 406.033 (Vernon 1996). Jobe is a "nonsubscriber" under the TWCA, because it elected to adopt its own occupational injury plan to cover on-site injuries. This plan, titled the "Jobe Concrete Products, Inc. Occupational Benefit Program" (the "Jobe Plan"), provides benefits resulting from a work-related injury for (1) short-term disability; (2) death, dismemberment, and permanent total disability; and (3) medical care. The plan also includes a waiver that provides all claims for damages or harm resulting from an on-the-job injury will be subject to binding arbitration.

Jobe argues that because Texas does not require employers to provide workers' compensation insurance, either by subscribing to the state plan or by offering an equivalent alternative, the Jobe Plan

---

[3] We normally apply a two-part analysis to determine whether a state law claim is preempted under ERISA. First, we examine whether the benefit plan at issue constitutes an ERISA plan; and second, we determine whether the claims "relate to" the plan. *Ingersoll-Rand. Co. v. McClendon,* 498 U.S. 133, 138-40 (1990). Because we address only the jurisdictional question in this case, as the parties have conceded the claims relate to the plan, we need not complete the second part of the analysis under *Ingersoll-Rand*. However, we note that we have previously held that claims asserting breach of contract, breach of the covenant of good faith and fair dealing, and the intentional infliction of emotional distress, are all "related to" ERISA plans. *Hogan v. Kraft Foods*, 969 F.2d 142, 144-45 (5th Cir. 1992). Even though we have previously held negligence claims against employers do not relate to ERISA plans, once a claim is properly removed, the federal court can exercise supplemental jurisdiction over a non-related claim pursuant to 28 U.S.C. § 1367(a). *See Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 211-12 (N.D. Tex. 1993).

is not maintained solely for the purpose of complying with Texas workers' compensation law, as required by § 1003(b). We agree. No Texas law requires Jobe to provide or maintain its plan. *See Lawrence v. CDB Serv*s., *Inc.,* 44 S.W.3d 544, 552 (Tex. 2001) (emphasizing fact that participation in the Texas workers' compensation scheme is voluntary on the part of both employers and employees).[4] Instead, Jobe has undoubtedly created and maintained its plan in order to avoid the high cost of insurance under the TWCA, and in an effort to limit its liability in the absence of such insurance. *See Nunez v. Wyatt Cafeterias, Inc.*, 771 F. Supp. 165, 167 (N.D. Tex. 1991) (noting that personal injury actions relating to non-subscriber's plan would be preempted by ERISA).

Other courts, when presented with similar facts, have held that non-subscribers who adopt their own benefit plans to provide on-site injury coverage are not exempt from preemption under § 1003(b)(3). *See Guilbeaux v. 3927 Found., Inc.*, 177 F.R.D. 387, 393-94 (E.D. Tex. 1998) (holding that non-subscriber cannot create and maintain a self-funded plan in order to avoid the requirements of the TWCA, and also argue that such plan is maintained "solely to comply" with the TWCA); *Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 209-10 (N.D. Tex. 1993) (finding that the non-compulsory nature of Texas's statutory scheme precluded any claim by a non-subscriber that the plan was maintained solely to comply with state law); *see also Rojas v. DAJ Enters., Inc.*, No. EP-00-CA-313-DB, 2001 WL 682223, at *3 (W.D. Tex. Mar. 6, 2001) (holding that because employer chose not to subscribe to the TWCA it could not benefit from exemption provision of § 1003(b)). *But see*

---

[4] We note that in *Lawrence*, the Texas Supreme Court held that a non-subscriber benefit plan, which required employees to waive completely their common law remedies in order to receive benefits under the plan, did not violate the TWCA or public policy. *Lawrence*, 44 S.W.2d at 550-53. While the court did not specifically discuss ERISA preemption, it made clear that clauses in which employees waive their rights in exchange for benefits, such as the arbitration clause at issue in this case, are clearly enforceable.

*Foust v. City Ins. Co.*, 704 F. Supp. 752, 753-54 (W.D. Tex. 1989) (holding that whether or not employer opted into TWCA, choice was made solely to comply with TWCA, and therefore bad faith claim against insurer was not preempted by ERISA).[5]

If Jobe had opted to obtain workers' compensation insurance in compliance with the TWCA, ERISA would not have preempted Hernandez's state law claims. *See Gibbs v. Serv. Lloyds Ins. Co.*, 711 F. Supp. 874, 878 (E.D. Tex. 1989) (describing requirement, under Texas workers' compensation scheme, that insurance policies purchased from outside providers meet statutory guidelines in order for limited liability benefits to attach). Instead, Jobe chose to adopt its own plan, a decision clearly not required under Texas law. *See Pyle*, 826 F. Supp. at 209 (finding no preemption for self-funded plan); *see also Lawrence*, 44 S.W.3d at 552 (describing employer's choice to either subscribe to TWCA or to forego traditional common-law defenses in the event of an employee's lawsuit).

We believe our holding is consistent with the purposes of ERISA. Because the exemption in § 1003(b) was designed to allow states to control their workers' compensation schemes, it should not apply where a "state voluntarily cedes control over certain plans by allowing employers to exist outside of the workers' compensation system." *Guilbeaux,* 177 F.R.D. at 394.

For the foregoing reasons, we hold that remand of Hernandez's claims to the state court is inappropriate in this action. Thus, we AFFIRM the judgment of the district court compelling

---

[5] Our holding is consistent with our decision in *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994). In *Hook*, we analyzed whether an employee's negligence claim against her non-subscribing employer "arose under" the employer's self-funded welfare benefit plan. *Id.* at 786. Although we concluded that the action was not preempted, we did note that the self-funded plan was governed by ERISA. *Id.* at 778. If the claim had been more closely related to the plan, federal jurisdiction would have been proper.

arbitration and dismissing Hernandez's complaint.