IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-60964

Summary Calendar

---

DARRELL COUSIN,

                                        Plaintiff-Appellant,

versus

RUBY TUESDAY, INC

                                        Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Mississippi

---

(1:00-CV-125-S-D)
June 18, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Darrell Cousin appeals the district court's grant of summary judgment to the defendant, Ruby Tuesday, on his Title VII claim that he was terminated for refusing the sexual advances of his manager. Cousin first sued Ruby Tuesday in state court, attaching his EEOC right to sue letter to his complaint. Ruby Tuesday removed to federal court, based on both diversity and federal

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

question jurisdiction. Cousin filed a motion to remand and attempted to amend his complaint to add his supervisor, a non-diverse defendant. He argues for the first time on appeal that Mississippi law provides a remedy, and that he was not seeking relief under Title VII, thereby also defeating federal question jurisdiction. The magistrate denied Cousin's motion to amend his complaint, and the district court denied Cousin's motion to remand, and granted summary judgment to the defendant.

We are without jurisdiction to consider Cousin's appeal of the magistrate's denial of his motion to amend his complaint, since he did not object to the magistrate's decision in the district court.[1] Therefore, even assuming *arguendo* that, as Cousin claims, there was no federal question jurisdiction because he did not specifically cite Title VII in his complaint, diversity jurisdiction still existed over this case.[2] Therefore, after a *de novo* review,[3] we find that the district court properly denied Cousin's motion to remand.

Turning now to whether summary judgment was properly granted for the defendant, which we also review *de novo*,[4] we conclude that

---

[1] Fed. R. Civ. P. 72(a); *Edwards v. Johnson*, 209 F.3d 772, 776 n.1 (5th Cir. 2000).

[2] The complaint alleged damages of $200,000, meeting the amount in controversy requirement. 28 U.S.C. § 1332(a).

[3] *Hernandez v. Jobe Concrete Products, Inc.*, 282 F.3d 360, 361 (5th Cir. 2002).

[4] *Green v. CBS, Inc.*, 286 F.3d 281, 283 (5th Cir. 2002).

2

summary judgment was appropriate.  While Cousin's failure to respond to the defendant's motion does not, by itself, require Ruby Tuesday to prevail,[5] we agree with the district court that Ruby Tuesday successfully made a *prima facie* showing that there was no genuine issue of material fact.  We therefore find that summary judgment for Ruby Tuesday was appropriate.

AFFIRMED.

---

[5] *Resolution Trust Corp. v. Starkey*, 41 F.3d 1019, 1023 (5th Cir. 1995).