United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 05-50345

_____

JAMES H. WOODS,

Plaintiff-Appellant,

VERSUS

TEXAS AGGREGATES, L.L.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before SMITH, GARZA, and OWEN,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

James Woods appeals the denial of his motion to remand to state court and the orders dismissing and compelling arbitration of this case. Because the district court lacked jurisdiction over Woods's state law claim, we reverse and remand.

I.

Woods, a former employee of the defendant, Texas Aggregates, L.L.C. ('Texas Aggregates"), was injured on the job. He brought a common law suit in Texas state court, alleging that Texas Aggregates' negligent maintenance of an unsafe workplace caused his injuries. Texas Aggregates does not participate in the Texas Workers' Compensation system but instead maintains an Occupational Injury Benefit Plan ("the plan"), which the parties agree is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§§ 1001-1461.

Texas Aggregates removed the case to federal court, arguing that Woods's suit seeks damages that duplicate benefits available under the plan and therefore is preempted by ERISA. The district court denied Woods's motion to remand, then ordered the parties to arbitrate, as provided for by the plan, and dismissed the case.

Woods filed this appeal, and Texas Aggregates moved that the appeal be dismissed because no final, appealable order had issued. We denied that motion because the orders compelling arbitration and dismissing the case constituted a final, appealable disposition. We have jurisdiction to hear this case on that basis.

Woods contends on appeal that ERISA does not preempt his state law negligence claim, because he does not seek benefits under the plan or challenge the way the plan has been administered. He merely claims that Texas Aggregates' negligence caused his injuries. Texas Aggregates responds that Woods's claim is actually one for benefits under the plan despite the fact that his complaint artfully avoids any mention of ERISA or the plan. Texas Aggregates reasons that because the damages Woods seeks in his negligence actions are the same kind of damages that would be available to him were he to pursue his options under the plan, there is ERISA preemption.

## II.

We review *de novo* the denial of a motion to remand. *Hernandez v. Jobe Concrete*, 282 F.3d 360, 361 (5th Cir. 2001). Absent diversity of citizenship, removal is available only where the complaint presents a federal question. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). To determine whether Woods's complaint raises a federal question, we must decide whether his state law negligence claim is preempted by ERISA. There are two sections of ERISA that might operate to preempt Woods's claim: §§ 514(a) and 502(a).[1]

We begin with § 514(a), which states:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). In analyzing preemption issues under § 514(a), we first ask whether the benefit plan at issue constitutes an ERISA plan; if it is, we must then determine whether the state law claims "relate to" the plan. *Hernandez*, 282 F.3d at 362 n.3. Here, there is no dispute that the plan is governed by ERISA.[2]

---

[1] *See Arana v. Ochsner Health Plan*, 338 F.3d 433, 438-40 (5th Cir. 2003) (en banc) (holding that § 502(a) may serve as an independent basis for preemption where § 514(a), the blanket ERISA preemption provision, is inapplicable).

[2] The order denying remand addresses only whether the plan is excepted from preemption and makes no mention of whether Woods's claims "relate to" the plan. The district court correctly determined that the plan does not fall within an exception to preemption. It is, however, the "relates to" element of the analysis that is most important here. The case relied on by the district court, *Hernandez v. Jobe Concrete*, 282 F.3d 360 (5th Cir. 2002), supports that court's conclusion that the plan is subject to preemption. It does not,
(continued...)

2

In determining whether state law claims "relate to" a plan, we have commonly asked (1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entitiesSSthe employer, the plan and its fiduciaries, and the participants and beneficiaries. *Mem. Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).

In applying these factors, we are bound by *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994), to hold that Woods's claims do not "relate to" the plan. The situation we confronted in *Hook* is virtually indistinguishable from that found here.

Hook sued her employer in Texas court for negligent failure to maintain a safe workplace. Hook's claims were made exclusively on the basis of the alleged breach of a common law tort duty and did not involve plan benefits or the administration of the plan in any way. The damages Hook sought in her lawsuit overlapped with benefits that might have been available under her employer's ERISA plan. The *Hook* court held that preemption did not apply, because Hook's common law claims did not "relate to" the plan at issue. The court explained that

Hook's unsafe workplace claim, however,

is totally independent from the existence and administration of MMC's ERISA plan. She neither seeks benefits under the plan nor claims that MMC improperly processed her claim for benefits. She seeks only damages for MMC's alleged negligent maintenance of its workplace.

*Hook*, 38 F.3d at 784.[3] *Hook* remains binding law[4] and informs our conclusion that the state law claims raised by Woods do not "relate to" Texas Aggregates' ERISA plan and are there-

---

[3] The only facts distinguishing *Hook* from the case at hand make our determination that Woods's claims are not preempted an easier one than that faced by the *Hook* court. Hook had signed a waiver of the right to sue in conjunction with her enrollment in the ERISA plan; Woods never signed such an agreement.

The only connection this lawsuit has to Texas Aggregates' ERISA plan is that it seeks damages that might also be available in the form of plan benefits. Texas Aggregates essentially asks this court to hold that by creating an ERISA plan, an employer gains immunity from state court tort actions for all job-related accidents, regardless of negligence.

If Texas Aggregates wanted to shield itself from employee suits, however, it could have chosen to participate in the Texas Workers' Compensation scheme. It elected not to, presumably because it thought maintenance of an ERISA plan would be a less expensive alternative. The cost of that choice is exposure to lawsuits such as Woods's, which have a legal and factual basis independent of any ERISA plan. Such suits are not preempted merely because they seek damages that might also be available in the form of plan benefits.

[4] *See Holloway v. Avalon Residential Care Homes, Inc.*, 107 Fed. Appx. 398, 400-01 (5th Cir. 2004).

---

[2](...continued)
however, support a conclusion that Woods's common law negligence claims "relate to" the plan. The parties in *Hernandez* did not dispute whether the claims related to the relevant ERISA plan; the sole issue was whether the plan fell under an exception to preemption. Texas Aggregates' reliance on *Hernandez* is therefore misguided.

3

fore not preempted by ERISA §514(a).[5]

We turn now to ERISA § 502(a), which can, in certain circumstances, operate as an independent grounds for preemption where § 514(a) is inapplicable. *See Arana*, 338 F.3d at 438-40. Section 502(a) authorizes an employee to bring a "civil action . . . to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Where a state law claim merely duplicates the remedies provided in § 502(a), the state law claim is completely preempted and will be recharacterized as a federal claim under § 502(a). *See, e.g.*, *Davila*, 542 U.S. at 210.

Section 502(a) may provide for preemption where § 514(a) is inapplicable by operation of one of § 514's exemptions from preemption.[6] Texas Aggregates points to no case, however (and we are aware of none), in which § 502(a) preemption was found to be proper where the state law claims did not "relate to" the ERISA plan under our § 514(a) analysis. Section 502(a) encompasses claims to "recover," "enforce," or "clarify" that which is owed an employee under an ERISA plan. The set of claims described by § 502(a) will rarely, if ever, differ from the set of claims that "relate to" an ERISA plan under § 514(a). Texas Aggregates offers no compelling reasons why we should employ § 502(a) to find preemption of a claim, like Woods's, that does not "relate to" an ERISA plan.

Moreover, the language of § 502(a) counsels against complete preemption here. By this suit Woods does not seek to recover benefits due him under the plan, to enforce his rights under it, or to clarify his rights to future benefits under it. Rather, he hopes to recover damages for injuries he suffered as a result of Texas Aggregates' alleged breach of its duty to provide him with a safe workplace. His cause of action would exist, in precisely the same form as it was pleaded in state court, even if there were no such thing as the Texas Aggregates ERISA plan. ERISA does not preempt such claims.[7]

Because ERISA does not preempt Woods's state law negligence claim, his complaint raises no federal question, so the district court was without jurisdiction. The orders denying remand, compelling arbitration, and dismissing are VACATED, and this matter is REMANDED to the district court with instruction that it be remanded to state court.

---

[5] Texas Aggregates' only argument against the application of *Hook* is that it is no longer good law or should be overturned. *Hook* remains good law, however, and this panel lacks the authority to overturn a prior panel decision absent an intervening decision to the contrary by the Supreme Court or this court *en banc*. *See Hogue v. Johnson*, 131 F.3d 466, 491 (5th Cir. 1997).

[6] *Arana*, 338 F.3d at 339-40 (holding that § 502(a) operated to preempt state law claims despite the fact that the law in question may have been exempt from § 514(a) preemption as a law regulating insurance).

[7] *See Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1997) ("The ultimate question is whether, if the appellant['s] claims were stripped of their link to the pension plans, they would cease to exist.").