United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-51519
(Summary Calendar)

_____

RECTOR L. LESTER, III,

Plaintiff-Appellant

versus

ADVANCED ENVIRONMENTAL RECYCLING TECHNOLOGIES, INC.,
also known as AERT, Inc.,

Defendant-Appellee.

----------------------
Appeal from the United States District Court
for the Western District of Texas
(A:05-CV-603)
----------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rector Lester, III appeals from the district court's orders (1) dismissing and compelling arbitration of Lester's negligence claim against his former employer, Defendant-Appellant Advanced Environmental Recycling Technologies (AERT), and (2) dismissing Lester's claims for breach of fiduciary duty against AERT's occupational injury benefits plan administrator

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("the Plan Administrator") and breach of the duty of good faith and fair dealing against AERT as preempted by ERISA. We affirm.

## I.  FACTS & PROCEEDINGS

Lester suffered a knee injury in August 2003 while he was employed by AERT as a machine operator at its Junction, Texas facility. AERT is a non-subscriber to Texas's worker's compensation system but maintains an occupational injury benefits plan (the "Plan") for its employees. Under the Plan, disputes "arising out of any Accident or Occurrence, or otherwise regarding or relating to the Plan" are subject to binding arbitration. The Summary Plan Descriptions (SPD) distributed by AERT to its employees included this arbitration provision. Lester acknowledged receipt of the 2002 Plan SPD in September 2002 and acknowledged receipt of the 2003 SPD nine days after his injury. Following his second acknowledgment, Lester received Plan benefits in the form of medical treatment for his injuries.

Lester filed suit in the district court in August 2005, requesting (1) a declaratory judgment determining whether Texas law or federal common law under ERISA governed his claims, and (2) compensatory and punitive damages for AERT's negligence (failure to maintain a safe workplace) and breach of its duty of good faith and fair dealing, and the Plan Administrator's breach of her fiduciary duty. AERT filed a motion to compel arbitration of Lester's negligence claim, and, in response, Lester filed a motion for

partial summary judgment on the declaratory judgment issue. Before the district court ruled on any motions, Lester filed, then withdrew, a stipulation forfeiting his claim for breach of the duty of good faith and fair dealing.

The district court (1) granted AERT's motion to compel arbitration of Lester's negligence claim, and (2) dismissed his claim for breach of fiduciary duty as preempted by ERISA. In making its ruling, the court overlooked Lester's withdrawal of his stipulation voluntarily dismissing his breach of good faith and fair dealing claim. After Lester objected, the court issued a second order dismissing that claim as also preempted by ERISA. Lester timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

This appeal was taken from the district court's grant of a motion to compel arbitration and its decision on Lester's motion for partial summary judgment, the combination of which resulted in the dismissal of all of his claims. We review both rulings <u>de novo</u>, applying the same standards as the district court.[1]

### B. Arbitration

#### 1. The District Court's Ruling

---

[1] <u>See</u> <u>Am. Heritage Life Ins. Co. v. Orr</u>, 294 F.3d 702, 708 (5th Cir. 2002) (motion to compel arbitration); <u>Breen v. Texas A&M Univ.</u>, 485 F.3d 325, 331 (5th Cir. 2007) (summary judgment).

A party seeking to compel arbitration must first establish the existence of an arbitration agreement subject to the Federal Arbitration Act ("FAA").[2]  Here, the district court concluded that AERT met this burden by showing that both Plan SPDs sent to Lester contained an express arbitration provision and that Lester, by (1) twice acknowledging receipt of the Plan SPDs, (2) continuing to work for AERT after being notified of the Plan terms, and (3) accepting Plan benefits following his injury, had accepted the terms of that provision.

The court rejected Lester's argument that he only consented to the Plan terms under duress, purportedly caused by AERT's threat to withhold medical care unless he acknowledged receipt of the SPD. The court held that Lester failed to prove an essential element of duress, i.e., that AERT threatened to do something that it had no legal right to do,[3] because, as a non-subscriber to Texas's workers' compensation insurance system, AERT had the right to refuse payment for Lester's medical treatment if he elected not to agree to the Plan terms.  The court concluded that as a matter of law AERT could not place Lester under duress simply by requiring that he acknowledge receipt of the SPD before receiving medical benefits under the Plan.

---

[2] 9 U.S.C. § 1, et seq.

[3] See Osorno v. Osorno, 76 S.W.3d 509, 511 (Tex. App.–Houston 2002, no pet.) ("For duress to be a contract defense, it must consist of a threat to do something the threatening party has no legal right to do.").

4

## 2.   Right to Jury Trial

On appeal, Lester contends that, under section 4 of the FAA,[4] he was entitled to a jury trial — which he demanded — to determine the validity of the arbitration agreement presumptively created by his acknowledged receipt of the Plan SPDs.  We disagree.

"Although the FAA permits parties to demand a jury trial to resolve factual issues surrounding the making of an arbitration agreement . . . it is well-established that '[a] party to an arbitration agreement cannot obtain a jury trial merely by demanding one.'"[5]  Additionally, a party contesting the making of the arbitration agreement must "make at least some showing that under prevailing law, he would be relieved of his contractual obligation to arbitrate if his allegations proved to be true" and "produce some evidence to substantiate his factual allegations."[6]  Accordingly, to receive a jury trial on the issue of the validity of his consent to the Plan's arbitration agreement, Lester must (1)

---

[4] 9 U.S.C. § 4 provides, in pertinent part,

If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof.
. . . .
Where such an issue is raised, the party alleged to be in default may . . . demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury.

[5] Orr, 294 F.3d at 710 (quoting Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1154 (5th Cir. 1992)).

[6] Dillard, 961 F.2d  at 1154.

show that he would not be bound by the Plan's arbitration provision if his post-injury acknowledgment of receipt of the SPD was made under duress, and (2) produce evidence indicating that his post-injury acknowledgment was made under duress.

We assume, without deciding, that Lester can make the first of these showings; i.e, that the agreement to arbitrate evidenced by his acknowledged receipt of the SPD would be invalid if he acknowledged that receipt under duress. Even assuming this to be the case, to be entitled to a jury trial, Lester must also "produce some evidence to substantiate his factual allegations [of duress]."[7] He has not done so here.

As the district court correctly recognized, to prove that he consented to the Plan's arbitration provision under duress, Lester must show that AERT obtained his consent by threatening to do something that it had no legal right to do.[8] Even if we regard all of Lester's factual allegations as true, however, he cannot clear this hurdle. It is undisputed that an employer that opts out of Texas's workers' compensation system has no duty to compensate an injured employee (who the employer does not cover under another employee benefits plan) unless and until that employee successfully asserts a negligence claim against the employer.[9] AERT could

---

[7] Id.

[8] See Osorno, 76 S.W.3d at 511.

[9] See Werner v. Colwell, 909 S.W.2d 866, 868 (Tex. 1995).

6

therefore lawfully refuse to pay the medical expenses of <u>any</u> injured employee who did not accept the Plan terms, and any threat it made to withhold medical benefits from Lester unless he accepted those terms could not constitute duress. Whether Lester's condition at the time caused him to feel pressured to accept the Plan terms is irrelevant to a determination whether <u>AERT's actions</u> amounted to duress. Consequently, Lester was not entitled to have a jury determine the validity of his agreement to arbitrate, as evidenced by his acceptance of the Plan terms.

### 3. Other Issues

Lester also contends that there was no sufficiently reliable evidence presented to support the district court's conclusion that <u>AERT</u> had even adopted the Plan and its arbitration agreement. This contention barely merits comment, as AERT submitted to the district court complete copies of the Plan, authenticated as business records, which clearly reflect its adoption and maintenance for all time periods relevant to the instant case. Lester did not challenge the authenticity of these submissions in the district court.

Lester also asserts that the Plan's arbitration provision was invalid because it did not comply with a Texas state law requiring that an agreement to arbitrate a personal injury claim be agreed to in writing and signed by each party and its counsel.[10] This

---

[10] Tex. Civ. Prac. & Rem. Code Ann. §§ 171.002(a)(3) and (c).

7

argument is unavailing. It is well settled that "the primary purpose of the [FAA] is to require the courts to compel arbitration when the parties have so provided in their contract, despite any state legislative attempts to limit the enforceability of arbitration agreements."[11] "To this end, the [FAA] preempts state statutes to the extent they are inconsistent with that Act."[12] Here, it is clear that the Texas statute on which Lester relies is inconsistent with, and therefore preempted by, the FAA.[13]

Lester next maintains that (1) the one-year limitations period for requesting arbitration set forth in the Plan expired before the district court ordered arbitration, and (2) AERT's delay in providing Lester with a copy of the Plan constituted a waiver of the right to demand arbitration. As Lester did not present either of these arguments in the district court, we will not consider them on appeal.[14]

Finally, Lester complains that his agreement to arbitrate nine days after his injury was invalid, because Texas law requires that any waiver of a cause of action for personal injury sustained

---

[11] Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 271 (Tex. 1992) (citations omitted).

[12] Id.

[13] See Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 338 n.7 (5th Cir. 2004) (holding that the FAA preempts the same state law provisions relied on by Lester).

[14] Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

8

during the course and scope of employment be entered into no earlier than ten days after the initial report of the injury. As Lester also failed to raise this issue in the district court, we mention it only to point out that an agreement to arbitrate is not a waiver of a cause of action.

## C. ERISA Preemption of Other State-Law Claims

Lester next insists that the district court erred in dismissing, as preempted by ERISA, his claims against the Plan Administrator for breach of fiduciary duty and against AERT for breach of the duty of good faith and fair dealing. We disagree.

ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"[15] but does not govern an employee benefits plan that "is maintained solely for the purpose of complying with applicable workmen's compensation laws."[16] We have held, however, that occupational injury benefit plans established by non-subscribers to Texas's workers' compensation system — such as the one at issue here — are not "maintained solely for the purpose of complying with applicable workmen's compensation laws" and thus are governed by ERISA.[17] Consequently, the district court properly dismissed Lester's state-law claims against the Plan Administrator for breach of fiduciary duty and

---

[15] 29 U.S.C. § 1144(a).

[16] § 1003(b)(3).

[17] See Hernandez v. Jobe Concrete Products, Inc., 282 F.3d 360, 363 (5th Cir. 2002).

against AERT for breach of the duty of good faith and fair dealing as preempted by ERISA. Moreover, we note that Texas courts have routinely declined to recognize a duty of good faith and fair dealing flowing from an employer to its employees.[18]

Finally, we conclude that, to the extent Lester's complaint encompasses a claim for breach of fiduciary duty under ERISA, that claim is not actionable. Under ERISA, a plan participant may bring a civil action to enjoin an act that violates any provision of ERISA or to obtain any "otherwise appropriate equitable relief."[19] Here, Lester seeks only compensatory and punitive damages for AERT's delay in paying benefits under the Plan. The Supreme Court has held that money damages are not available through the civil remedy provisions of ERISA.[20] Consequently, Lester's claim for breach of fiduciary duty against the Plan Administrator is not cognizable under the limited civil remedies provided by ERISA.

## III.  CONCLUSION

For the foregoing reasons, the district courts orders (1) compelling arbitration of Lester's negligence claim against AERT, and (2) dismissing as preempted by ERISA Lester's claims for breach

---

[18] See Fed. Exp. Corp. v. Dutschmann, 846 S.W.2d 282, 284 n.1 (Tex. 1993) (citations omitted).

[19] 29 U.S.C. § 1132(a)(3).

[20] Mertens v. Hewitt Assoc., 508 U.S. 248, 255-56 (1993).

10

of fiduciary duty against the Plan Administrator and the duty of good faith and fair dealing against AERT are, in all respects, AFFIRMED.