IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-41725

LE ANN MCATEER

Plaintiff-Appellant

v.

SILVERLEAF RESORTS INC; SILVERLEAF CLUB

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

At issue in this appeal is the continued validity of our precedent regarding whether the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, preempts state law claims of negligence for failing to maintain a safe work environment. Because the Supreme Court has not reversed our prior decision on this point and because the plaintiff did not make her argument moot by adding an ERISA claim to her case, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Defendant-Appellee Silverleaf Resorts, Inc. ("Silverleaf") employed Plaintiff-Appellant Le Ann McAteer ("McAteer") as a Landscaper at the Holly Lake Ranch from August 19, 2004, to August 2, 2005. Silverleaf is a non-subscriber to Texas workers' compensation insurance, choosing instead to provide benefits to its employees through the Silverleaf Club Employee Injury Benefit Plan ("the Plan"), which is governed by ERISA. The Plan gives no-fault benefits to employees in the event of a job-related injury and requires arbitration of any disputes regarding benefits. McAteer enrolled in the Plan and signed an agreement that the Plan would provide the exclusive avenue of relief for on-the-job injuries.

McAteer claims she suffered a job-related injury on July 11, 2005, when she tripped over a cement parking stop while using a weedeater in a parking lot. She landed with her back on the weedeater and was subsequently diagnosed with a herniated disk that required surgery. McAteer did not report this injury to Silverleaf until September 2005, which was after her employment with Silverleaf ended. At that time, McAteer completed an injury claim form and submitted it to the Plan, where it was reviewed by the Plan's administrator, Providence Risk Services, Inc. ("Providence"). Providence issued an initial determination denying McAteer's claim because she had not timely reported her injury, had not sought advance approval for her medical treatment, and had not used a Plan-approved physician. McAteer did not pursue an administrative appeal.

## II. PROCEDURAL HISTORY

McAteer filed suit against Silverleaf in Texas state court on January 19, 2006, alleging that Silverleaf acted negligently by (1) failing to provide McAteer with a safe place to work, (2) failing to properly secure the parking stop, (3) assigning McAteer to work in the parking lot when it knew the parking stops

were hazardous, (4) failing to warn McAteer of the improperly secured parking stops, and (5) failing to implement procedures for employee safety that would have prevented the accident.

Silverleaf timely removed the suit on February 17, 2006, asserting that federal subject matter jurisdiction existed because ERISA completely preempted McAteer's causes of action. McAteer filed a motion to remand and argued that ERISA did not preempt her causes of action because she had brought only state law negligence claims. Silverleaf then filed a motion to dismiss and compel arbitration based on the arbitration agreement contained in the Plan. On May 1, 2006, the district court denied McAteer's motion to remand, concluding that the Supreme Court had overruled the Fifth Circuit's precedent regarding ERISA's preemption of state law negligence claims. The district court ruled that McAteer's claims were preempted because she had enrolled in an ERISA plan which provided the exclusive procedures for recovery for on-the-job injuries.

The district court then ordered mediation, which was required by the Plan's procedures, and stayed the case for four months. Three months later, McAteer amended her complaint to assert a claim under ERISA, "while still respectfully disagreeing" with the district court's preemption decision.[1] After the mediation proved unsuccessful, the district court granted Silverleaf's motion to compel arbitration and dismissed McAteer's claims with prejudice. McAteer now appeals the final judgment and order denying remand. We review de novo the district court's legal determination that ERISA preempted McAteer's state law claims. See Bank of La. v. Aetna U.S. Healthcare Inc., 468 F.3d 237, 241 (5th Cir. 2006), cert. denied, 127 S. Ct. 1826 (2007).

## III. DISCUSSION

---

[1] McAteer also added Silverleaf Club as a defendant. Silverleaf Club filed an answer, but was not mentioned in the district court's dismissal order or judgment. Regardless, the district court clearly intended to dismiss the entire case. Further, the presence of Silverleaf Club does not affect the merits of this appeal, as the issues and analysis remain the same.

A.    Whether McAteer's Appeal is Moot

We turn first to Silverleaf's argument that McAteer's appeal is moot because she amended her complaint to include a claim for relief under ERISA, thus voluntarily creating federal jurisdiction.  Silverleaf rests its conclusion on the judicially created "voluntary-involuntary" rule, which provides that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff."  Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir.) (internal quotation marks omitted), cert. denied, 126 S. Ct. 2945 (2006).  We need not consider the voluntary-involuntary rule, however, because this court and the Supreme Court have addressed situations similar to this one, and those opinions provide the rule of decision in this case.

The Supreme Court considered the effect of the plaintiff's voluntary creation of federal jurisdiction following the denial of a motion to remand in Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996).  There, the undisputed facts demonstrated that there was no diversity jurisdiction when the case was removed and that the district court had improperly denied the plaintiff's motion for remand.  Id. at 70.  Prior to a final judgment, though, the plaintiff voluntarily settled with the non-diverse defendant, thereby creating federal jurisdiction. Id. at 64.  Following three years of litigation and a six-day trial that resulted in a verdict for the defendant, the plaintiff appealed on the ground that the removal was improper.  Id. at 66-67.

In conducting its analysis, the Supreme Court stated that "by timely moving for remand, [the plaintiff] did all that was required to preserve his objection to removal."  Id. at 74.  Thus, despite the voluntary creation of jurisdiction (by settling with the non-diverse defendant), the plaintiff did not waive his claim that removal was improper.  The Court ultimately decided, however, that because jurisdiction existed at the time of the final judgment and the case had proceeded all the way through trial after three years of litigation,

"considerations of finality, efficiency, and economy" were "overwhelming." Id. at 75. Therefore, the Court permitted the verdict to stand. Id. at 77-78.

This court in Waste Control Specialists, L.L.C. v. Envirocare of Texas, Inc., 199 F.3d 781 (5th Cir.), opinion withdrawn and superseded in part, 207 F.3d 225 (5th Cir. 2000), relied on the Supreme Court's reasoning in Caterpillar to analyze similar facts. In Waste Control Specialists, we faced a situation in which a district court improperly concluded that federal antitrust law preempted the plaintiff's claims. 199 F.3d at 782-84. After its motion to remand was denied, the plaintiff added a federal antitrust claim, but it appealed on the ground of improper removal when its suit was dismissed on a Rule 12(b)(6) motion. Id. at 782-83.

On appeal, we first determined that the case as originally removed was not preempted and should have been remanded. Id. at 783-84. We then considered the effect of the plaintiff's subsequent addition of a federal claim and cited Caterpillar for the conclusion that "timely objection can preserve the jurisdictional claim despite subsequent amendment, even if other considerations may ultimately outweigh that objection." Id. at 785. Because the plaintiff timely objected to removal, we held that it had not waived its objection to that removal despite the subsequent addition of a federal claim. Id. at 787. An important factor in our decision was that the suit had been dismissed on a Rule 12(b)(6) motion, rather than after a trial on the merits, which distinguished it from Caterpillar (a case that had proceeded through trial). See id. at 786-87.

Thus, both Caterpillar and Waste Control Specialists recognize that a motion to remand preserves arguments regarding improper removal, and a subsequent amendment to create federal jurisdiction does not necessarily make those arguments moot. However, if subject matter jurisdiction is eventually established and a case remains in the federal court system for a significant length of time or reaches a verdict on the merits, considerations of finality and

economy may result in affirming a judgment despite the improper removal. See Caterpillar, 519 U.S. at 75.

Here, as in Caterpillar and Waste Control Specialists, McAteer preserved her argument regarding improper removal by timely moving to remand the case. It was only after the district court denied her motion to remand that she added an ERISA claim, and even then, she emphasized her disagreement with the remand decision. Further, the instant case has spent little time in federal court and its merits have never been addressed. Therefore, the concerns of finality, efficiency, and economy that permitted the verdict to stand in Caterpillar are not present in this case. Consequently, McAteer's decision to add an ERISA claim following the district court's denial of her motion to remand does not make her appeal of the remand order moot, and considerations of finality and efficiency do not counsel against hearing the merits of her appeal.

B.     Whether ERISA Preempts McAteer's Negligence Claims

Because McAteer's appeal is not moot, we now turn to the merits of her arguments regarding ERISA preemption. As noted above, McAteer asserts that because she brought only state law negligence claims, ERISA does not preempt her causes of action and her case should be remanded to state court. In support of her position, McAteer relies on this court's decision in Hook v. Morrison Milling Co., 38 F.3d 776 (5th Cir. 1994), in which we held that ERISA does not preempt state law negligence claims. Id. at 786. Silverleaf, however, contends that Hook is no longer good law in light of the Supreme Court's decision in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004). Therefore, Silverleaf asserts that McAteer's claims do arise under federal law and are properly removable.

Typically, whether a claim arises under federal law is determined by the "well-pleaded complaint" rule. PCI Transp., Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535, 543 (5th Cir. 2005). Pursuant to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

of plaintiff's properly pleaded complaint." Id. (internal quotation marks omitted). However, the Supreme Court has created an exception to this rule when federal law wholly displaces a state law cause of action through complete preemption. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). ERISA provides one such area of complete preemption. See id.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." Davila, 542 U.S. at 208. To that end, § 514(a) of ERISA, 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." Further, § 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth the exclusive grounds for relief under ERISA. The Supreme Court has stated that a law "relates to" an employee benefit plan and is preempted if it has a connection with or reference to the plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983).

Under Fifth Circuit precedent, to determine whether a state law relates to a plan for purposes of ERISA preemption, the court asks "(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." Woods v. Tex. Aggregates, L.L.C., 459 F.3d 600, 602 (5th Cir. 2006); Hook, 38 F.3d at 781. In Hook, this court addressed those questions in a situation identical in all relevant respects to the instant appeal and concluded that ERISA did not preempt the plaintiff's claims. 38 F.3d at 786.

As described by the court in Hook, Morrison Milling Company ("MMC") enacted an ERISA plan in lieu of subscribing to Texas workers' compensation insurance. Id. at 778. As part of the plan, Roxanne Hook agreed to waive her rights to bring suit against MMC and agreed that the plan's benefits were the

exclusive remedy for personal injuries. Id. at 778-79. Following a job-related injury, Hook brought a state law negligence claim against MMC, and MMC removed the case on the basis of ERISA preemption.[2] Id. at 779.

On appeal, we held that Hook's negligence claim was not preempted by ERISA, characterizing it as "totally independent from the existence and administration of MMC's ERISA plan." Id. at 784. We also noted that Hook's claim did not affect Hook's administrator-beneficiary relationship with MMC, but only the employer-employee relationship. Id. at 783. With respect to MMC's contention that Hook's claim related to an ERISA plan because Hook waived her claims as part of her enrollment in the ERISA plan, we stated that this argument "turn[ed] ERISA preemption analysis on its head . . . ." Id. at 785. We reasoned that following MMC's logic would enable employers to avoid any state law simply by referring to that law in its ERISA plan. Id. Therefore, we "[chose] to adhere to our traditional mode of analysis, as prescribed in ERISA § 514(a): a law or claim is preempted when it relates to an ERISA plan, and not the reverse." Id.

Under Hook, the result in this case is clear. State law negligence claims for failing to maintain a safe workplace are not preempted by ERISA, even if the employee signed a waiver of such claims in order to participate in an ERISA plan. Absent an intervening en banc or Supreme Court decision, we are bound by the panel's decision in Hook. See United States v. Rodriguez-Jaimes, 481 F.3d 283, 288 (5th Cir. 2007). Consequently, McAteer's state law negligence claims in this case are not preempted by ERISA and must be remanded.

Silverleaf does not dispute that Hook requires this result, but instead contends that Hook is no longer good law as a result of the Supreme Court's

---

[2] Hook also brought a wrongful discharge claim that was preempted by ERISA, but she dropped the wrongful discharge claim following removal and sought remand of the negligence claim. Id. at 779.

decision in Davila. We disagree. In Davila, the Supreme Court reversed this court's holding that certain state law claims were not preempted by ERISA. 542 U.S. at 214. At issue were claims by several plaintiffs that administrators of ERISA plans failed to use ordinary care when making medical treatment decisions. Id. at 204-05. The plaintiffs brought their claims under section 88.002 of the Texas Civil Practice & Remedies Code, which imposes a duty of ordinary care on health maintenance organizations when making health care treatment decisions. Davila, 542 U.S. at 205.

The Supreme Court held that a claim was preempted (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions . . . ." Id. at 210. The Court determined that the plaintiffs in Davila "complain[ed] only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans." Id. at 211. The Court recognized that Texas law created a duty of ordinary care that was owed by the defendants but that such duty was not independent of the ERISA plans. Id. at 212-13. In other words, whether the plan administrators negligently declined to pay for certain medical treatments under Texas law depended on whether the ERISA plans provided for such coverage. See id. at 213 (stating that the interpretation of the plan was an "essential part" of the plaintiffs' claims).

The Supreme Court criticized this court for focusing on the distinction between a tort claim and a contract claim, stating that the label of a cause of action is not determinative. Id. at 214-15. Further, the Court noted that ERISA need not strictly duplicate a state law cause of action in order for the state law to be preempted. See id. at 214-16 (noting that even if a state law authorizes remedies beyond those permitted in ERISA, it may still be preempted).

In the instant case, Silverleaf has not demonstrated how Hook is inconsistent with Davila. Silverleaf quotes in detail the Supreme Court's

criticism of the Fifth Circuit for distinguishing between tort and contract claims and the Supreme Court's conclusion that even state law claims that are not identical to ERISA claims can be preempted. However, simply because the tort claims in Davila were preempted by ERISA does not mean that all tort claims are similarly preempted. Instead, the court must apply the reasoning used in Davila and consider not only whether McAteer's claims could have been brought under ERISA but also whether her claims arise from a legal duty independent of ERISA. See id. at 210. This court has already determined that state law negligence claims for failing to maintain a safe workplace are independent of ERISA. See Hook, 38 F.3d at 784. Thus, even under Davila, McAteer's claims are not completely preempted by ERISA.

Further, this court has continued to apply Hook even after the Davila decision. In Woods v. Texas Aggregates, L.L.C., we considered whether ERISA preempted a plaintiff's claim for negligent maintenance of an unsafe workplace. 459 F.3d at 601. Although we cited Davila for general preemption propositions, id. at 602, we then applied Hook to conclude that ERISA did not preempt the plaintiff's negligence claims, noting that "Hook remains good law." Id. at 602-03, 603 n.5.

Consequently, we are bound by both Hook and Woods in this case and conclude that McAteer's workplace negligence claims are not preempted by ERISA. Davila does not mandate a different result, and the district court erred in so ruling. Therefore, we REVERSE the judgment of the district court.

## V. CONCLUSION

Because McAteer's claims are not preempted by ERISA and she did not make her argument moot by adding an ERISA claim, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

REVERSED and REMANDED.