# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2025

Lyle W. Cayce
Clerk

No. 24-30664
Summary Calendar

Jason Broussard,

*Plaintiff—Appellant*,

*versus*

Exxon Mobil Corporation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-843

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Jason Broussard sued his former employer, Exxon Mobil Corporation (ExxonMobil), in Louisiana state court for breach of contract, and failure to pay vacation and shift-differential pay under state law. The case was removed to federal court, where summary judgment was granted in favor of ExxonMobil. We find no error and AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30664

## I.

Broussard was an employee of ExxonMobil for twenty-two years, from 2000 to 2022. He spent the first fifteen years as a security officer. In 2015, Broussard was promoted to a supervisory role, and remained in that position until he was transferred, at his request, to a new post in February 2022. Later that month, he submitted his notice of resignation.

Broussard participated in ExxonMobil's pension plan, which the parties agree is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. Following his resignation, Broussard, then forty-eight, elected to receive his pension in the form of a lump sum. The statement he received when making that election calculated his benefits entitlement at $346,271.40.[1] Though, it warned the "lump sum payment will vary as . . . interest rates change." It further specified that the "final" payout will depend "on the interest rates in effect at the time you commence your benefit." Indeed, the payment did vary—Broussard received $285,822.67.

In September 2022, Broussard sued ExxonMobil in Louisiana state court, arguing that the $60,000 difference between his expected and received lump-sum payment constituted a violation of the Louisiana Wage Payment Act (LWPA), La. Stat. Ann. § 23:631, *et seq*.

Broussard also attached two LWPA claims unrelated to his pension controversy. He claims that he was entitled to unpaid wages in the form of vacation pay and "shift differentials"—or premiums for working night shifts. This claim was based on ExxonMobil's October 2021 offer of shift-

---

[1] This estimate was largely consistent with the one he received using ExxonMobil's online pension calculator. Broussard used this online tool before submitting his February 2022 resignation notice.

differential pay to security supervisors working at its Baton Rouge sites, like Broussard. That offer explicitly applied retroactively to January 1 of the same year. But Broussard claims the premium should have applied retroactively to his entire tenure—that is, from his first day on the job as a security supervisor back in 2015.

ExxonMobil removed the case to federal court, asserting diversity jurisdiction and, in the alternative, federal-question jurisdiction. ExxonMobil then filed a motion for partial summary judgment as to Broussard's claims for additional pension benefits and shift-differential pay, which the district court granted.[2] The district court held that ERISA preempted his breach-of-contract claim seeking additional pension funds.[3] It also concluded that Broussard failed to present evidence of legal entitlement to shift-differential pay dating to 2015, an essential element of his LWPA claim. This appeal followed.

## II.

We first address Broussard's pension-related claim. Whether ERISA preempts a state-law breach-of-contract claim is a question of law, which we review de novo.[4] ERISA preempts state-law claims that "relate to any employee benefit plan."[5] Following this directive, this Court devised a two-pronged test for determining whether a state-law claim falls within § 514(a)'s preemptive sweep: the claim (1) addresses an area of exclusive federal

---

[2] His claim for vacation pay was voluntarily dismissed on a joint motion for partial final judgment as to that claim.

[3] The district court held, in the alternative, that Broussard's pension-related claim is barred by his failure to exhaust administrative remedies. We need not, and do not, reach this issue.

[4] *E.g., McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 414 (5th Cir. 2008).

[5] 29 U.S.C. § 1144(a).

concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) directly affects the relationship among the traditional ERISA entities, such as the employer, the plan and its fiduciaries, and the participants and beneficiaries.[6]

Broussard's breach-of-contract claim satisfies both prongs. First, his claim that his pension distribution was improperly calculated encroaches on an area of exclusive federal concern. A suit by a beneficiary to recover additional benefits from an ERISA-regulated plan falls directly under ERISA's § 502(a)(1)(B), which provides an exclusive federal cause of action for such disputes.[7] Second, his cause-of-action arises entirely from his status as a participant in ExxonMobil's pension plan.

But Broussard attempts to evade ERISA's preemptive reach by arguing that his breach-of-contract claim derives not from ExxonMobil's pension plan, but from an "independent" and "separate transaction." According to Broussard, the predicted payout generated by ExxonMobil's online pension calculator constituted "an explicit irrevocable offer . . . , which [he] accepted without any reservations." Under this construction, Broussard avers that his claim "sounds in breach of a perfected agreement to pay wages due" and thus is "severed" from ERISA's preemptive scope.

That Broussard labels his claim as a contract action is irrelevant to issue of ERISA preemption.[8] Under this Court's precedent, the relevant

---

[6] *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).

[7] 29 U.S.C. § 1132(a)(1)(B) (providing civil enforcement scheme "to recover benefits due to [a participant] under the terms of his [employee benefit] plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989).

[8] *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 758 (5th Cir. 1990) ("Whether the state action sounds in . . . contract *per se* is irrelevant to the issue of ERISA

inquiry is what does Broussard claim as an entitlement? If he claims entitlement to additional benefits under the terms of an ERISA-qualifying plan, then the claim is preempted.[9] The fact that Broussard demands $60,000—in addition to the amount already distributed—from ExxonMobil's *pension plan* makes clear that his claim is preempted. Indeed, "the precise damages and benefits [he] seeks are created by the [] employee benefit plan." [10] Broussard's pension-related claim was properly dismissed on summary judgment.

Broussard also appeals the district court's determination that his claim for shift-differential pay cannot survive summary judgment. We review a grant of summary judgment de novo.[11]

"[T]he [LWPA] provides that contracted-for wages—'the amount then due under the terms of employment'—must be paid to an employee within a certain time frame after termination or resignation."[12] Broussard claims that he is owed shift-differential pay for the entire period he held the security-supervisor position, from 2015 to 2021. However, the record does not support his claim. ExxonMobil instituted the shift-differential pay allowance for such positions in October 2021, effective retroactively only to the beginning of that year. Broussard failed to put forth any evidence that

---

preemption."); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989) ("ERISA's preemption of state law claims 'depends on the conduct to which such law is applied, not on the form or label of the law.'" (quoting *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504 (9th Cir. 1985))).

[9] *Cefalu*, 871 F.2d at 1295 (holding plaintiff's state-law contract action to recover additional pension benefits preempted by ERISA).

[10] *Id.* at 1294.

[11] *E.g., Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

[12] *Bennett v. McDermott Int'l, Inc.*, 855 F. App'x 932, 935 (5th Cir. 2021) (quoting La. Stat. Ann. § 23:631(A)(1)(a)) (unpublished).

No. 24-30664

ExxonMobil agreed to make the payments retroactive beyond that time. Because the LWPA "only covers *agreed-upon* wages[,]"[13] summary judgment was appropriate as to Broussard's shift-differential claim.

AFFIRMED.

_____

[13] *Id.* at 933 (emphasis added).