Karen ARMSTRONG, Plaintiff,

v.

COLUMBIA/HCA HEALTHCARE CORPORATION, Aetna Life Insurance Company f/k/a Aetna Life and Casualty, Lifetimes Connections, and Clear Lake Regional Medical Center, Inc., Defendants.

No. Civ.A. G–00–448.

United States District Court,
S.D. Texas,
Galveston Division.

Nov. 17, 2000.

Kenneth Charles Kaye, League City, TX, John B. Gessner, Gessner and Flores PC, Dallas, TX, for Karen Armstrong, plaintiff.

Thomas Humphrey Lawrence, III, Hale Headrick et al., Memphis, TN, for Columbia/HCA Healthcare Corporation, Healthcare Company, Lifetimes Connection, Clear Lake Regional Medical Center Inc., defendants.

John Bruce Shely, Dimitri Zgourides, Andrews and Kurth, Houston, TX, for Aetna Life Insurance fka Aetna Life and Casualty (Aetna), defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND, CONDITIONALLY GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff Karen Armstrong brings this action against Defendants Columbia/HCA Healthcare Corp.[1] ("HCA"), Aetna Life Insurance Co. f/k/a Aetna Life and Casualty ("Aetna"), Lifetimes Connections, and Clear Lake Regional Medical Center, Inc. ("Clear Lake Medical Center") asserting various state law causes of action stemming from Defendants' failure to pay life insurance benefits allegedly owed. Now before the Court is Plaintiff's Motion to Remand and Defendants' Motion to Dis-

---

1. Defendants assert that Columbia/HCA should have been properly named as HCA— The Healthcare Company. For convenience, the Court employs Plaintiff's moniker.

miss or in the alternative Motion for Summary Judgment. For the reasons stated below, Plaintiff's Motion to Remand is **DENIED,** and Defendants' Motion to Dismiss is **CONDITIONALLY GRANTED.** Additionally, Defendants' Motion for Summary Judgment is **DENIED.**

## I. FACTUAL SUMMARY

Plaintiff and her late husband both worked as employees of the Clear Lake Medical Center, an affiliate of HCA, which offered Plaintiff and her husband certain employee benefits. Among these employee benefits, as set forth in the benefit books presented to Plaintiff, was an optional life insurance program that an employee could purchase to cover his or her dependants. Plaintiff and her husband each chose to purchase, through regular payroll deductions, this optional dependant life insurance coverage underwritten by Aetna. Of specific relevance to this dispute, Plaintiff paid to obtain life insurance coverage for her husband as her dependant, with Plaintiff named as beneficiary. Unfortunately, on May 30, 1998, Plaintiff's husband died. Thereafter, Plaintiff applied for the life insurance benefits for which she had been paying. HCA, however, informed Plaintiff that she had impermissibly insured her husband in contravention of a plan rule prohibiting one employee from purchasing dependant life insurance coverage for another employee. HCA thus denied Plaintiff's claim.

On June 15, 2000, Plaintiff filed an action in the 212th District Court of Galveston County, Texas advancing a plethora of state law claims against Defendants. Plaintiff asserted: · (1) negligent misrepresentations; (2) breach of express and implied warranties; (3) violation of the Texas Deceptive Trade Practices Act; (4) violations of the Texas Insurance Code; (5) breach of the duties of good faith and fair dealing; (5) breach of fiduciary duty; and (6) breach of contract. Thereafter, Defendants joined in filing a Notice of Removal

with this Court. In their Notice of Removal, Defendants alleged that federal question jurisdiction is proper in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 as the Plaintiff's claims are said to be completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

Now before the Court is Plaintiff's Motion to Remand and Defendants' Motion to Dismiss for Failure to State a Claim or in the alternative Motion for Summary Judgment. Plaintiff's arguments in favor of remand and against dismissal are essentially the same. Plaintiff contends that: (1) the optional dependant life insurance was not an employee benefit plan; (2) if the plan was an employee benefit plan, it nevertheless falls within the ERISA safe harbor provision; (3) Defendants' failure to comply with ERISA mandated claims review requirements caused Defendants to lose the protections of ERISA; and (4) the state law claims at issue, in any event, are not subject to ERISA ordinary preemption. In response, Defendants disagree with each of Plaintiffs contentions and argue that both ordinary and complete preemption are present in this matter.

## II. ANALYSIS

The obtuse body of law surrounding ERISA provides for two distinct but nevertheless interrelated forms of preemption. *See McClelland v. Gronwaldt,* 155 F.3d 507, 517 (5th Cir.1998). So-called "ordinary preemption" pursuant to 29 U.S.C. § 1144(a) "invariably arises as a defense" to a plaintiff's state law cause of action that is said to "relate to" an employee benefit plan. *McClelland,* 155 F.3d at 516. Ordinary preemption does not provide a basis for jurisdiction in federal court. *See id.*

Complete preemption, however, "not only displaces substantive state law, but also 'recharacterizes' preempted state law claims as 'arising under' federal law," thus establishing federal question jurisdiction.

*Id.* State law claims that both "relate to" an ERISA plan under 29 U.S.C. § 1144, and fall within ERISA's civil enforcement provision, 29 U.S.C. § 1132, are subject to complete preemption. *See id.* at 517. In essence, ordinary preemption thus becomes step one in a two-step process to determine whether or not a plaintiff's claims are completely preempted. *See id.* The Court, therefore, turns first to ordinary preemption.

## A. *Ordinary Preemption*

In order to determine whether or not Plaintiff's claims have been ordinarily preempted, the Court must first ascertain whether or not Plaintiff's life insurance policy on her husband constituted an ERISA employee benefit plan. If the insurance policy is in fact an ERISA benefit plan, the Court must next determine whether or not Plaintiff's claims "relate to" the ERISA plan. *See* 29 U.S.C. § 1144(a); *McNeil v. Time Ins. Co.,* 205 F.3d 179, 191 (5th Cir.2000).

### 1. *Was there an ERISA Plan?*

ERISA defines an "employee welfare benefit plan," in part, as "any plan, fund or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of . . . death." 29 U.S.C. § 1002(1). The Court must answer three questions to decide if a given plan qualifies as an ERISA plan. First, does the plan "exist." *McNeil,* 205 F.3d at 189. Second, does the plan fall outside the safe harbor exclusion established by the Department of Labor. *See id.* Third, does the plan "meet the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting plan participants." *Id.* If the answer to each of these questions is in the affirmative, then the plan at issue is an ERISA plan. *See Hansen v. Continental Ins. Co.,* 940 F.2d 971, 978–79 (5th Cir. 1991).

### a. *Did a Plan Exist?*

■ In deciding whether or not a benefit plan exists, the Court "must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith,* 980 F.2d at 355. Plaintiff in this case does not appear to dispute the existence of an employee benefit plan in general. Rather, Plaintiff seems to contend that when considered separately, the spousal life insurance program was not itself a benefit plan. The Court, however, holds that a benefit plan does exist. In her Original Petition, Plaintiff states that she had been "offered employee benefits," along with "benefit books," that were "provided" by her employer regarding the life insurance at issue. Pls. Original Petition p. 2, para. IV. A reasonable person could ascertain that life insurance benefits in a particular dollar amount were available, that Plaintiff was the intended beneficiary, that the spousal benefits were to be paid for by payroll deductions, and that a specific claims procedure existed. *See McNeil,* 205 F.3d at 189 (noting that information available in brochures received by a participant may satisfy this inquiry). Moreover, it is apparent that Plaintiff did in fact comprehend these items. Thus, while Plaintiff may dispute the terms by which she is bound, a plan undeniably did exist.

### b. *Does the ERISA Safe Harbor Apply?*

The Department of Labor has established a four-pronged ERISA "safe harbor." *See* 29 C.F.R. §§ 2510.3–1(j). In order to come within the safe harbor, and thus be exempt from ERISA, a plan must satisfy all four criteria. *See Meredith v. Time Ins. Co.,* 980 F.2d 352, 355 (5th Cir.1993). Stated differently, if the plan fails to satisfy at least one prong, it remains eligible for ERISA status. *See id.* The Fifth Circuit Court of Appeals has adopted the Labor Department's safe har-

bor standard as law and holds that "an insurance policy is not governed by ERISA if: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan." *McNeil*, 205 F.3d at 190. Plaintiff asserts, as she must, that the plan meets all of these criteria. In response, Defendants contend that both prongs one and three stymie Plaintiff's argument. As set forth in the following sections, the Court concurs with Defendants and holds that the plan fails both the first and third safe harbor criteria. Thus, the plan remains eligible for ERISA status.

### i. *Employer Contribution*

 Under prong one, Defendants may defeat Plaintiff's safe-harbor argument if Plaintiff's employer made contributions to the plan. Defendants have clearly made some contribution to the plan as a whole. Plaintiff argues, however, that while Defendants may have made certain contributions, no contribution was made specifically to the spousal life insurance plan. Plaintiff would have this Court sever the optional spousal life insurance from the overall plan and in essence treat it as a separate insurance policy. This argument appears to have not yet been addressed by the courts of this circuit. However, the opinions of other Circuit Courts of Appeals provide ample and uniform guidance, and lead this Court to reject Plaintiff's approach.

The ERISA statute does not take such a hyper-technical view of plan structuring as is urged by Plaintiff. ERISA covers those plans "established or maintained for ... participants or their beneficiaries." 29 U.S.C. § 1002(1)(A). The spousal life insurance policy was "a feature of the Plan, notwithstanding the fact that the cost of such coverage had to be contributed by the employee." *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567 (11th Cir.1994).

The safe harbor provision was not intended to "exempt from ERISA coverage the commonplace situation where dependant coverage is paid for by plan participants." *Id.* at 568. Instead, the safe harbor regulation, by its own words, applies to situations in which "no contribution" is made by the employer. 29 C.F.R. § 2510.3–1(j)(1). It is true that Plaintiff opted to insure her husband, and that Plaintiff paid for this protection with payroll deductions. However, Plaintiff ignores the fact that her employer paid for the cost of insurance on her life, a benefit which would provide Plaintiff's designated beneficiary with one-time Plaintiff's salary upon Plaintiff's death at no cost to Plaintiff. Only by electing to accept this free insurance could Plaintiff choose to either increase her own coverage or insure the lives of her dependants. *See Smith*, 14 F.3d at 568 (holding that an employer subsidy exists when an employer contributes all of an employee's insurance premium except for the dependant coverage contribution). The Court declines to hold that each element of a benefits package must be viewed as a microcosm. As such this dependant coverage cannot be severed from the remainder of the life benefits package. *See Smith*, 14 F.3d at 567–68 (declining to sever from the plan dependant coverage paid for by the plan participant); *Glass v. United Omaha Life Ins. Co.*, 33 F.3d 1341, 1345 (11th Cir.1994) (holding that additional life insurance paid for wholly by an employee was part and parcel of the underlying subsidized ERISA life policy); *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir.1997) (optional coverage paid for by an employee cannot be severed from the overall benefit plan); *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir.2000) ("For purposes of determining whether a benefit plan is subject to ERISA, its various aspects ought not be unbundled."). The plan therefore fails to satisfy the first criteria of the ERISA safe harbor.

### ii. *Employer Role*

■ The Defendant employer's role has also involved more than merely collecting premiums and remitting them to the insurer. Plaintiff's employer paid for Plaintiff's personal life insurance with a potential benefit of one-time Plaintiff's salary. Moreover, the life insurance benefit is incorporated into Plaintiff's flexible benefits plan, which is sponsored and administered by her employer. Additionally, Plaintiff points to no facts indicating that Defendant did not take an active role in selecting and administering this benefit package, and the singular item that Plaintiff did attach to her Motion to Remand, a response letter from HCA, entirely undermines Plaintiff's already suspect argument. This letter indicates that Plaintiff worked with HCA in a failed effort to favorably resolve her claims dispute. HCA's active role in reviewing and ultimately rejecting Plaintiff's request for further review of the benefits denial obviously establishes HCA's vigorous role in sponsoring this employee benefit plan. Thus, the plan also fails the third safe harbor criteria.

### c. *Was the Plan Established or Maintained to Benefit Employees?*

■ Simply because there is a "plan" does not mean that such is an "ERISA plan." In order to determine whether or not the dependant life insurance was an "ERISA plan" the Court looks to the ERISA statute. *See Meredith,* 980 F.2d at 355. First, the Court asks "whether an employer established or maintained the plan." *Id.* The Court next asks "whether the employer intended to provide benefits to its employees." *Id.*

Unquestionably, Plaintiff's employer established and maintained a broad package of benefits for is employees. The employer urged, via benefits booklets, employees to consider their insurance needs and enabled Plaintiff to pay for the insurance with payroll deductions. Moreover, Plaintiff's employer apparently took an active role in the claims process. Similarly, the employer obviously intended to provide this benefit plan to its employees. The purpose of the life insurance option was to provide a benefit to participants. Accordingly, this Court is satisfied that Plaintiff enrolled in an ERISA plan.

### d. *Non-compliance with ERISA Procedures*

■ Plaintiff raises one further argument, alleging that Defendants failed to comply with federal regulations concerning the plan's claims procedure. *See* 29 C.F.R. § 2560.503–1. According to Plaintiff, this failure renders Defendants ineligible for the protections of ERISA. Defendants dispute this factual allegation, but argue that it is of no moment because ERISA protection is not affected by a failure to comply with these procedures. The Court agrees with Defendants. The regulations specifically contemplate that in some instances a plan may fail to follow procedures, and in such cases a claim is simply "deemed denied." *See* 29 C.F.R. § 2560.503–1(e)(2), (h)(4). Following a deemed denial, a claimant is entitled to pursue her normal statutory remedies in court. *See Southern Farm Bureau Life Ins. Co. v. Moore,* 993 F.2d 98, 101 (5th Cir.1993). Thus, while Plaintiff may be correct as regards her factual contentions, she has cited no authority, and the Court has found none, suggesting that a failure to comply with prescribed claims procedures eliminates ERISA protections for a defendant. The Court rejects Plaintiff's argument.

### 2. *Do Plaintiff's Claims Relate to an ERISA Plan?*

■ The Court determined in its discussion above that the life insurance at issue constituted an ERISA plan. Most often, the determination that the Defendant plan is an ERISA plan "is tantamount to a determination that [Plaintiff's] state law causes of action are barred." *See Hansen,* 940 F.2d at 979. Unfortunately, this bar may often leave "a victim of fraud or mis-

representation without a remedy." *Id.* The Fifth Circuit has held that a claim relates to an employee benefit plan under 29 U.S.C. § 1144(a) if the "claim addresses an area of exclusive federal concern, such as the right to receive benefits ... and if that claim directly affects the relationship between traditional ERISA entities." *McNeil,* 205 F.3d at 191. Plaintiff here is a plan participant suing her employer and the insurance plan in an effort to obtain benefits she feels have been wrongly denied. None of Plaintiff's array of state law claims—negligent misrepresentation; breach of contract; violation of the Texas Deceptive Trade Practices Act; breach of the duties of good faith and fair dealing; breach of fiduciary duty; and violations of the Texas Insurance Code—speak to anything other than the denied benefits. Moreover, the outcome of this dispute will directly affect the relationship between the parties, as a ruling favorable to either will determine the obligations of each *vis a vis* the other. *See id.* In sum, each of Plaintiff's claims relate to an ERISA plan, and as such ordinary preemption is present in this lawsuit.[2] *See id.* (holding that breach of contract, breach of the duty of good faith and fair dealing, and negligent misrepresentation are preempted by ERISA); *Salameh v. Provident Life & Accident Ins. Co.,* 23 F.Supp.2d 704, 718 (S.D.Tex.1998) (finding that ERISA preempts Article 21.55 of the Texas Insurance Code).

## B. *Removal Jurisdiction*

■ At the outset, the Court notes that Defendants, as the removing parties, must carry the burden of establishing the existence of federal jurisdiction. *See Hummel v. Townsend,* 883 F.2d 367, 369 (5th Cir. 1989); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any doubts surrounding removal must accordingly be resolved in favor of remanding the action back to state court. *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000), *cert. denied,* —— U.S. ——, 120 S.Ct. 2658, 147 L.Ed. 273 (2000). United States District Courts have jurisdiction over federal question cases. *See* 28 U.S.C. § 1331. Federal question cases encompass matters that "arise under the Constitution, laws or treaties of the United States." *See id.* Ordinarily, federal jurisdiction is determined by looking to the plaintiff's "well-pleaded complaint" and ascertaining whether or not it raises issues of federal law. *See Heimann v. National Elevator Indus. Pension Fund,* 187 F.3d 493, 499 (5th Cir.1999). Thus, a Defendant typically cannot invoke federal jurisdiction by asserting a federal defense to a plaintiff's cause of action. *See id.* at 499–500 ("Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus does not authorize removal to a federal court."). In rare instances, however, a Defendant may be able to assert federal jurisdiction "notwithstanding the ... 'well-pleaded' complaint rule." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 145, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990). ERISA often provides one of these rare examples of so-called "complete preemption." *See Heimann,* 187 F.3d at 500.

**2.** Plaintiff relies heavily upon cases allegedly supporting the proposition that her state law causes of action do not "relate to" an ERISA plan. *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990) (involving a hospital suing a health plan); *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Texas, Inc.,* 164 F.3d 952 (5th Cir. 1999) (hospital suing a health plan). None of Plaintiff's cited cases, however, involve a dispute between "traditional ERISA entities" about the "right to receive benefits" as in the case now before the Court. *See Memorial Hosp.,* 904 F.2d at 245. Contrary to Plaintiff's position, the *Memorial Hospital* court stated that "ERISA preempts state law claims, based on breach of contract, fraud, or negligent misrepresentation, that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled." *Id.* These cases fail to support Plaintiff's position.

Accordingly, Defendants have alleged that Plaintiff's state law causes of action are completely preempted by ERISA, which if correct provides this Court with jurisdiction.

Having above concluded that ordinary preemption exists in this lawsuit with respect to all of Plaintiff's claims, the Court must now only determine whether or not one or more of Plaintiff's causes of action fall within 29 U.S.C. § 1132, the ERISA civil enforcement provision. *See McClelland,* 155 F.3d at 518. The Court concludes that all of Plaintiff's claims are cognizable within the ERISA civil enforcement provision. *See* 29 U.S.C. § 1132(a)(1)(B). Plaintiff is a "participant or beneficiary" suing an ERISA plan to "recover benefits." *Id.* Thus, 29 U.S.C. § 1132, "by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *See Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 337 (5th Cir.1999). Accordingly, this Court has federal question jurisdiction.

### C. *Motion to Dismiss*

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

The Court above determined that all of Plaintiff's state law claims "relate to" an ERISA employee benefit plan. *See* Discussion, *supra,* at Section I.A.2. As such, Plaintiff's state law claims are barred by ordinary preemption. Thus, while the Court sympathizes with Plaintiff's predicament, the Court **CONDITIONALLY GRANTS,** on the conditions set forth below, Defendants' Motion to Dismiss the state law causes of action

### III. CONCLUSION

After careful inquiry, the Court has ascertained that each claim brought by Plaintiff relates to an ERISA plan and is subject to ordinary preemption. Moreover, each of Plaintiff's claims fall within the ambit of ERISA's civil enforcement provision. Therefore, the Court properly has federal question jurisdiction over this removed action. The Court accordingly **DENIES** Plaintiff's Motion to Remand. Moreover, ordinary preemption also prohibits Plaintiff from bringing each of her assorted state law claims for insurance benefits against these Defendants. The Court therefore **CONDITIONALLY GRANTS** Defendants' Motion to Dismiss the state law causes of action. The Court, however, grants the Motion to Dismiss only conditionally, in that Plaintiff shall have thirty (30) days to replead this lawsuit so as to state a claim in accordance with ERISA's civil enforcement provision, 29 U.S.C. § 1132. Should Plaintiff fail to replead this action so as to state a claim solely under ERISA's civil enforcement provision, the Court will, following the elapse of thirty (30) days from the date of this order, *sua sponte* dismiss this lawsuit for failing to state a claim upon which relief may be granted. The Court will entertain no further motions regarding the applicability of ERISA to this matter. Additionally, the Court strongly urges the parties to proceed with an eye, not toward a trial on the merits, but rather with the aim of settling this lawsuit within the dollar range of the policy. In accordance

with these remonstrations, the Court cautions the parties to avoid any costly and protracted discovery in this action. As stated, Plaintiff's Motion to Remand is **DENIED**, and Defendant's Motion to Dismiss is **GRANTED** as **CONDITIONED** above. Moreover, in light of the Court's conditional grant of a dismissal, Defendant's Motion for Summary Judgment is hereby **DENIED**. However, should Plaintiff exercise her option to replead, Defendant shall be entitled to refile such motion in due course.

**IT IS SO ORDERED.**