Maria–Elena PANDO, Individually and as Representative of the Estate of Joel G. Pando, Deceased, Plaintiff,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

No. EP–06–CV–423–PRM.

United States District Court, W.D. Texas, El Paso Division.

Aug. 30, 2007.

Eric M. Brittain, Matthew Gustave Pick, Scott, Hulse, Marshall et al, El Paso, TX, for Plaintiff.

Linda P. Wills, Marjorie Leigh Cohen, Wilson Elser Moskowitz Edelman & Dicker, LLP, Houston, TX, Roger C. Davie, Attorney at Law, El Paso, TX, for Defendant.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant The Prudential Insurance Company of America's "Motion for Partial Summary Judgment," filed on March 23, 2007, Plaintiff's "Supplemental Briefing in Support of Additional Necessary Discovery or Alternatively Response to the Motion for Partial Summary Judgment," filed on July 20, 2007, and Defendant's "Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, or, Alternatively, Response to Plaintiff's Supplemental Briefing in Support of Additional Necessary Discovery," filed on July 25, 2007, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's "Motion for Partial Summary Judgment" should be granted for the reasons set forth below.

### A. BACKGROUND AND LEGAL STANDARD

Plaintiff initiated this case in the 171st Judicial District Court of El Paso County, Texas. Plaintiff seeks damages for Defendant's failure to pay her accidental death and dismemberment benefits under a life insurance policy which her late husband purchased from Defendant. Pl.'s Original Compl. 2. Specifically, Plaintiff asserts claims against Defendant pursuant to the Texas Deceptive Trade Practices Act, the Texas Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing, or, in the alternative, under the Employee Retirement Income Security

Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, as amended ("ERISA"). *Id.* at 2–4. Defendant removed the matter to this Court on the basis of subject matter jurisdiction pursuant to ERISA, and also diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

In its "Motion for Partial Summary Judgment," Defendant claims that the insurance contract at issue, purchased through Plaintiff's late husband's employer, Johnson & Johnson, is an "employee welfare benefit plan" pursuant to ERISA, and Plaintiff's state law claims are therefore pre-empted. Def.'s Mot. for Partial Summ. J. 5–6; *see also* 29 U.S.C. § 1002(1). Defendant urges the Court to dismiss Plaintiff's state law claims on the basis of that pre-emption. Def.'s Mot. for Partial Summ. J. 5–6.

■ ERISA is a "federal scheme designed to protect the participants and beneficiaries of employee benefit plans." *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 362 (5th Cir.2002). ERISA includes "expansive pre-emption provisions" designed to ensure that "employee benefit plan regulation would be exclusively a federal concern." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (internal quotation omitted). In order to determine whether any particular plan is an ERISA plan, the Court will determine "whether the plan (1) exists; (2) falls within the safe harbor exclusion established by the Department of Labor; and (3) meets the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting the plan participants." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir.2000).

■ Given that there is no dispute about whether the plan exists and meets the ERISA requirement of having been established for the benefit of the employees, the question to be determined is whether or not the safe harbor exclusion applies. The safe harbor exclusion applies if (1) no contributions are made by the employer, (2) participation in the plan is completely voluntary for employees, (3) the sole function of the employer with respect to the plan is as a conduit for premiums and publicity, and (4) the employer does not receive any benefit in connection with the plan. *Id.* at 190 & n. 19. All four of these provisions must be met for the exclusion to apply. If the plan fails any of the provisions, it is an ERISA plan, and Plaintiff's state law claims are pre-empted and must be dismissed. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir.1993).

Federal Rule of Civil Procedure 56(c) mandates summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c) (2007). When the moving party has established that there is no genuine issue, "the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial." *Matthews v. United Bhd. of Carpenters and Joiners of Am.*, 228 Fed.Appx. 436, 438–39 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). This cannot be accomplished by relying on allegations, denials, or unsubstantiated assertions, but rather the nonmoving party must, " 'set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case.' " *Id.* at 439 (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

## B. ARGUMENTS

On April 4, 2007, Plaintiff filed a motion to extend the time by which she must file a

response to Defendant's Motion until eleven days after she received discovery which would enable her to address the issues raised in the Motion. The Court granted Plaintiff's request, but shortly after she received some responses, she filed a second motion to extend time, asserting that the discovery she received was inadequate because of the number of objections Defendant raised. In an order issued July 2, 2007, the Court required that the Plaintiff file either a response to Defendant's Motion, or a supplemental briefing "detailing the information she is seeking and how that information will create a 'genuine issue of material fact.'" Order Granting Pl.'s Second Mot. to Extend Time to File Resp. to Def.'s Mot. for Partial Sum. J. 3. Plaintiff then filed her "Supplemental Briefing in Support of Additional Necessary Discovery or Alternatively Response to the Motion for Partial Summary Judgment," in which she asserted she needs more discovery so that she might ascertain whether or not the safe harbor exclusion applies in this instance. She identified questions that Defendant refused to answer, each of which she asserts would have given her information with respect to certain elements of the safe harbor exclusion. Alternatively, Plaintiff argues that summary judgment is not warranted on the basis of the information now before the Court.

Defendant asserts, in its reply to the supplemental briefing, that it has produced evidence conclusively establishing the plan "does not satisfy ... the first prong—that

the employer does not contribute to the plan." *Metoyer v. Am. Int'l Life Assur. Co.*, 296 F.Supp.2d 745, 747 (S.D.Tex.2003). Defendant points to an affidavit submitted by Richard T. McDonald, the Director of Benefits for Johnson & Johnson, attached to its "Motion for Partial Summary Judgment." Def.'s Mot. for Partial Summ. J., Ex. 2 ¶ 2. McDonald's affidavit sets forth that Johnson & Johnson provides a plan called, "Johnson & Johnson Choices Accident Insurance Plan," *id.*, Ex. 2 ¶ 2, and that, "[p]remiums for Business Travel Accidental Death and Dismemberment Insurance provided under the Plan are paid by Johnson & Johnson. However, premiums for the 24–Hour Accident Death and Dismemberment Insurance are paid by the employee," *id.* Ex. 2 ¶ 4. He also states that, "[c]overage under the Plan is provided as part of the Choices Benefit Program, a flexible benefit plan encompassing a variety of benefit plans made available by Johnson & Johnson to its eligible employees." *Id.*, Ex. 2 ¶ 5. Plaintiff does not dispute McDonald's assertion that Johnson & Johnson contributed to the Business Travel Accidental Death and Dismemberment Insurance. Instead, Plaintiff claims that the 24–Hour Accident Death policy, the one at issue, is a separate policy.[1] Pl.'s Suppl. Br. in Supp. of Add'l Nec. Disc. or Alt'ly Resp. to the Mot. for Partial Summ. J. ¶ 1.

Defendant points to *Armstrong v. Columbia/HCA Healthcare Corp.*, 122 F.Supp.2d 739 (S.D.Tex.2000), in which the

---

1. Plaintiff asserts that she has not been able to ascertain from the discovery she has thus far received whether the safe harbor exclusion applies to that policy. Pl.'s Suppl. Br. in Supp. of Add'l Nec. Disc. or Alt'ly Resp. to the Mot. for Partial Summ. J. ¶ 1. She claims that she needs additional discovery to fully evaluate each of the safe harbor provisions, and that she needs to depose McDonald in order to "further establish the first prong of the safe harbor provision." *Id.* However, the

interrogatories she proposes relate to the premiums Defendant received for the plan and policy at issue, not to how the policy relates to the plan. She does not object to any part of McDonald's affidavit; she in fact refers to it as evidence the plans are separate. *Id.* However, it is clear from the affidavit that the policy is a part of the larger plan. Plaintiff thus fails to show how any additional discovery will allow her to rebut Defendant's evidence on this prong.

court, following decisions in Courts of Appeals outside the Fifth Circuit, declined the plaintiff's invitation to "sever the optional ... life insurance from the overall plan and in essence treat it as a separate insurance policy." *Armstrong*, 122 F.Supp.2d at 743. Instead, that court found the policy at issue was " 'a feature of the Plan, notwithstanding the fact that the cost of such coverage had to be contributed by the employee.' The safe harbor provision was not intended to 'exempt from ERISA coverage the commonplace situation where dependant coverage is paid for by plan participants.' " *Id.* (quoting *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567–68 (11th Cir.1994)).

In contrast, in a case where an employer pays for an employee benefits plan which clearly is an ERISA plan, but the subject matter of the suit is "a wholly separate insurance policy with which the company was minimally involved," having a distinct underwriter and no other indicia that the optional plan was "an outgrowth of the" benefits plan, that policy might be considered separate such that it falls under the safe harbor provision. *Metoyer*, 296 F.Supp.2d at 749–50. The court in *Metoyer* found that the evidence presented suggested that the policy at issue, "did not merely provide additional coverage under the same plan paid for in part by [the employer], as was the case in *Armstrong* and *Smith*, but was a completely separate policy not part of the employer-sponsored plan." *Id.* at 750. The court found that "the mere fact that coverage flows from the employment relationship is not sufficient to invoke ERISA." *Id.* In *Metoyer*, the employer had provided a plan providing "employee medical benefits, life insurance benefits underwritten by Nippon Life Insurance Company of America, and other employee benefits in which [the employer] paid premiums." *Id.* at 749. However, the policy at issue in the suit was a group accident insurance policy underwritten by American International Life Assurance Company of New York, with respect to which the employer's only role "was to make its existence known to employees." *Id.* at 748. The court contrasted it with the situation in *Armstrong*, where the "coverage at issue ... was additional coverage of the same kind already subsidized by the employer," and concluded, "that the ... [p]olicy falls within the safe harbor provision and is therefore not an ERISA plan." *Id.* at 750. Therefore, where the employer contributes to some, but not all, benefits which arise from the employment relationship, a court will separately evaluate whether a particular policy is an ERISA plan only when it is clearly separate from the benefits plan to which the employer does contribute.

## C. ANALYSIS

■ In this instance, Plaintiff alleges that the 24–Hour Accident Death policy at issue is separate from the business travel accidental death policy. Pl.'s Suppl. Br. in Supp. of Add'l Nec. Disc. or Alt'ly Resp. to the Mot. for Partial Summ. J. ¶ 1. Whether or not the policy "is merely a component of the total package of benefits provided to ... employees and subsidized by the company, or whether it is completely separated from the ... benefits package" is a question of fact. *Metoyer*, 296 F.Supp.2d at 748. Clearly, this question is material, because if the policy fails this or any prong of the safe harbor exclusion, the Court will be required to find that it is an ERISA plan, Plaintiff's state law claims will be pre-empted, and Defendant's "Motion for Partial Summary Judgment" must be granted. Therefore, the question becomes whether Defendant has established that there is no genuine issue with respect to whether the policy was separate from the benefits plan which included the policy for which Johnson & Johnson paid. *See Matthews*, 228 Fed.Appx. at 438–39.

In McDonald's Affidavit, he indicates that both policies are part of the same "Choices Benefit Program, a flexible benefit plan encompassing a variety of benefit plans made available by Johnson & Johnson to its eligible employees." Def.'s Mot. for Partial Summ. J. Ex. 2 ¶ 5. His description establishes that the policy, like that in *Armstrong*, was a "dependant coverage," which is a feature of the plan paid for by the employer, and not a separate plan. Plaintiff has not contested the truth of any part of McDonald's Affidavit, has not set forth any evidence tending to show that the policy at issue is completely separate from the larger benefits plan, and has not identified an interrogatory or request for production the response to which would enable her to controvert or make a more precise argument with respect to that specific issue. Plaintiff only mentions this issue in her supplemental brief when she asserts,

> [i]n the present case, the business travel accidental death policy was not involved. Rather the optional 24 Hour Accident Death policy was at issue. In response to the summary judgment, the first element of the safe harbor provision is satisfied since the employer did not contribute towards the coverage at issue in this case.

Pl.'s Suppl. Br. in Supp. of Add'l Nec. Disc. or Alt'ly Resp. to the Mot. for Partial Summ. J. ¶ 1. At no time does Plaintiff identify any unanswered interrogatories having any relation to whether the policies were a part of the same plan or separate. On the other hand, Defendant has come forward with evidence tending to show the policy at issue is "a component of the total package of benefits provided to . . . employees and subsidized by the company." *Metoyer*, 296 F.Supp.2d at 748.

Given that Defendant has established that "there is no genuine issue as to any material fact," with respect to whether this is an ERISA case, FED. R. CIV.P. 56(c), the burden then shifts to Plaintiff to "set forth specific facts showing the existence of a 'genuine' issue concerning [this] essential component of its case." *Morris*, 144 F.3d at 380. Although Plaintiff has asserted that further discovery is required to resolve questions regarding the safe harbor exclusion, Plaintiff has only made an unsubstantiated assertion that the policy is separate from the plan.[2] Such an assertion is not sufficient to meet her burden of showing that there exists a material fact at issue with respect to the first prong of the safe harbor exclusion. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548.

Therefore, the Court finds that Defendant has shown the policy is a part of the overall plan, which is an ERISA plan. As discussed above and in *Armstrong*, a policy that is a part of an ERISA plan, even if the premiums for that policy are paid by the employer, will not be treated as a separate policy. Where ERISA applies, it clearly pre-empts any state law claims, and therefore, the Court finds Plaintiff's state law claims are pre-empted by ERISA, and Defendant is entitled to partial summary judgment on that ground.

Accordingly, **IT IS ORDERED** that Defendant The Prudential Insurance Company of America's "Motion for Partial Summary Judgment" (Docket No. 29) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and claims for breach of contract and breach of good faith and fair

---

2. As set forth in footnote 1, Plaintiff failed to show how additional discovery would allow her to rebut Defendant's evidence with respect to whether the policy was separate from the plan.

dealing are **DISMISSED WITH PREJU-DICE.**