IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-20646
Summary Calendar

LANCE SHEARER

Plaintiff-Appellant

v.

SOUTHWEST SERVICE LIFE INSURANCE COMPANY; VIRGINIA
SURETY LIFE INSURANCE COMPANY; RICHARD SANDERS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1193

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PRADO, Circuit Judge:

Following the dismissal of his lawsuit by the district court, Plaintiff-Appellant Lance Shearer ("Shearer") filed this appeal and argues that the district court lacked subject matter jurisdiction over the case. At issue is whether the insurance policy underlying this suit is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Because Shearer's employer did no more than pay the premiums on the policy and ERISA does not regulate the "bare purchase of insurance," Shearer's claims are not preempted by ERISA, and the district court lacked jurisdiction over the

case. Therefore, we VACATE the judgment of the district court and REMAND the case for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Shearer is the 50% owner of Intercontinental Materials Management, Inc. ("IMMI"), as well as an employee of the company. His mother, Christal Shearer ("Ms. Shearer") owns the other 50% of IMMI. On June 10, 2004, Shearer applied for health insurance for himself and his family from Defendant-Appellee Southwest Service Life Insurance Company ("SWSL"). The premiums for the policy were paid by IMMI. Shearer and his mother both stated in their affidavits that this was done for bookkeeping purposes. Some time later, Shearer's son suffered an injury requiring hospitalization and surgery, and Shearer submitted a claim under his policy to SWSL. Although SWSL paid for a portion of the claim, Shearer contends that the policy required SWSL to pay for the entire amount.

Shearer filed suit against SWSL and its agent, Defendant-Appellee Richard Sanders ("Sanders"), in Texas state court on March 2, 2007, bringing state law claims of misrepresentation, breach of contract, unfair and deceptive trade practices, and unfair claim settlement practices.[1] SWSL, with Sanders's consent, removed the case on April 6, 2007. Defendants claimed that the insurance policy at issue was covered by ERISA and thus Shearer's claims were preempted by ERISA and removable pursuant to 28 U.S.C. § 1331.

Shortly after removal, the district court struck Sanders as a defendant. Shearer then filed a motion to remand, arguing that his insurance policy was not an ERISA plan. The district court denied the motion without comment. The district court then granted SWSL's motion for summary judgment, ruling that Shearer's claims failed to meet the ERISA standard for relief. Shearer now

---

[1] Shearer also named Virginia Surety Life Insurance Company as defendant; however, Shearer never served Virginia Surety, so it is not a party to this case or appeal.

appeals and contends that the district court lacked jurisdiction over the case because the insurance policy was not an ERISA plan. We have jurisdiction to hear his appeal, as a final judgment has been entered. See 28 U.S.C. § 1291.

## II. DISCUSSION

As the party removing the case, SWSL bears the burden of establishing jurisdiction. See Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). In this case, SWSL asserts that federal question jurisdiction exists because ERISA preempts Shearer's state law claims. SWSL bases this argument on its assertion that the insurance policy at issue is an "employee benefit plan" under ERISA, and ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a); Peace v. Am. Gen. Life Ins. Co., 462 F.3d 437, 442 (5th Cir. 2006). Thus, we must determine whether Shearer's insurance policy is an employee benefit plan as defined by ERISA.

Typically, the existence of an ERISA plan is a question of fact that we review only for clear error. Reliable Home Health Care, Inc. v. Union Cent. Ins. Co., 295 F.3d 505, 510 (5th Cir. 2002). However, when the facts are undisputed, we treat the issue as one of law and review it de novo. See House v. Am. United Life Ins. Co., 499 F.3d 443, 448-49 (5th Cir. 2007), petition for cert. filed, (U.S. Jan. 2. 2008)(No. 07-895). Here, there are no factual disputes with respect to the insurance policy or its purchase. Consequently, we review the matter de novo.

Pursuant to ERISA, an "employee benefit plan" includes an "employee welfare benefit plan." 29 U.S.C. § 1002(3). ERISA defines an "employee welfare benefit plan" as

> any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or

benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

Id. § 1002(1). SWSL contends that Shearer's insurance policy fits within this definition.

This court uses a three-prong test to determine whether an employee benefit arrangement meets the definition of an employee welfare benefit plan and, thus, is an ERISA plan. Peace, 462 F.3d at 439. To be an ERISA plan, the arrangement must be (1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor, and (3) established or maintained by the employer with the intent to benefit employees. See id. (citing Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993)). Here, Shearer concedes that, under this court's precedent, his insurance policy constitutes a plan and does not fall within the safe-harbor provisions of the Department of Labor. However, Shearer asserts that his insurance policy fails the third element of the test because it was not established or maintained by IMMI with the intent to benefit employees. See MDPhysicians & Assocs., Inc. v. State Bd. of Ins., 957 F.2d 178, 183 (5th Cir. 1992) (noting that simply because a plan exists does not mean that the plan is an ERISA plan).

In the past, we have broken down the third step of our analysis into two elements—(1) whether the employer established or maintained the plan, and (2) whether the employer intended to provide benefits to its employees. Meredith, 980 F.2d at 355. "To determine whether an employer 'established or maintained' an employee benefit plan, 'the court should [focus] on the employer . . . and [its] involvement with the administration of the plan.'" Hansen v. Cont'l Ins. Co., 940 F.2d 971, 978 (5th Cir. 1991). We have stated that "the purchase [of insurance] is evidence of the establishment of a plan, fund, or program" and that "the purchase of a policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program has been established." Mem'l

4

Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 242 (5th Cir. 1990) (internal quotation marks omitted). However, we have consistently held that if an employer does no more than purchase insurance for its employees and has no further involvement with the collection of premiums, administration of the policy, or submission of claims, the employer has not established an ERISA plan. Hansen, 940 F.2d at 978.

In Taggart Corp. v. Life & Health Benefits Administration, Inc., we held that a company's purchase of insurance for its lone employee was insufficient to establish an ERISA plan. 617 F.2d 1208, 1211 (5th Cir. 1980) (noting that "[t]he corporation did no more than make payments to a purveyor of insurance, patently for tax reasons"). We reached a different result in Memorial Hospital, in which an employer purchased insurance for all of its employees, finding that to be sufficient evidence of an intent to establish and maintain an ERISA plan. 904 F.2d at 242-43. Relying on Memorial Hospital, we held in Kidder v. H & B Marine, Inc., 932 F.2d 347, 353 (5th Cir. 1991), that an employee benefit plan purchased by the employer for all of its employees was an ERISA plan. In Hansen, we reaffirmed our rule that the purchase of insurance alone is insufficient to demonstrate an ERISA plan, but held that other evidence in that case, such as the employment of a benefits administrator and the issuance of a booklet regarding the plan endorsed by the employer, satisfied the burden of demonstrating the employer's intent to establish an ERISA plan. 940 F.2d at 978.

Here, the evidence before the district court demonstrated that IMMI paid the premiums on Shearer's policy and that IMMI paid the premiums on a separate policy from a different insurance company for Ms. Shearer. IMMI, however, did not pay for insurance for any of IMMI's other employees.[2] The facts

---

[2] During the time at issue, IMMI had between three and seven employees.

of this case, therefore, fall somewhere between Taggart and the other cases described above. Considering all of the facts and our precedent, we conclude that IMMI's payment of premiums on two separate policies for two different employees, while not providing insurance for any other employees, is not sufficient evidence of IMMI's intent to establish or maintain an ERISA plan. The plans in Memorial Hospital and Kidder were purchased for all of the company's employees, which lends greater support to the argument that a plan existed. Here, however, the alleged plan covered Shearer, with a different policy covering his mother. This is not sufficient to demonstrate that IMMI intended to establish and maintain a plan to benefit its employees. Consequently, there was no ERISA plan at issue, and the district court lacked jurisdiction over this case.

Defendants incorrectly assert that Provident Life & Accident Insurance Co. v. Sharpless, 364 F.3d 634 (5th Cir. 2004), is binding in this situation. The issue in Sharpless was not whether the employer established or maintained an ERISA plan. Instead, the court in Sharpless was concerned with whether shareholding doctors could be considered "employees" for purposes of establishing and maintaining an ERISA plan "for the benefit of employees." Id. at 638. The court held that the shareholders could be considered employees. Id. at 639. In this case, Shearer does not dispute that he may be considered an employee under ERISA, despite owning 50% of IMMI. Therefore, Sharpless is not dispositive of the issues in this case.

## III. CONCLUSION

Because IMMI's payment of premiums alone is insufficient to create an ERISA plan, the district court lacked jurisdiction over the case. We therefore VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

VACATED and REMANDED.