Kimberli A. **ALTIMARI** and Matthew Altimari, Plaintiffs,

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA, Defendant.**

**Civil Action No. 9:09CV62.**

United States District Court, E.D. Texas, Lufkin Division.

Sept. 17, 2009.

George Edmond Chandler of Chandler Law Offices, Lufkin, TX, Travis Paul Clardy of Clardy Davis & Knowles, LLP, Nacogdoches, TX, for Plaintiffs.

John P. Hagan of Sarles & Ouimet, Dallas, TX, for Defendant.

### ORDER Re: ERISA PREEMPTION

RON CLARK, District Judge.

Before his death, James Altimari was insured by three policies sponsored and administered by his employer, Norbord, Inc. ("Norbord"), and underwritten by Defendant Sun Life Assurance Company of Canada ("Sun Life"). These three policies were: Basic Life Insurance, Basic Accidental Death and Dismemberment ("AD & D") Insurance, and Optional AD & D Insurance. Mr. Altimari's employer, Norbord, paid the premiums for the Basic Life and Basic AD & D policies, while Mr. Altimari paid the premiums for the Optional AD & D policy. The parties dispute whether the Employee Retirement Income Security Act of 1974 ("ERISA") preempts Plaintiffs' state law claims, specifically those claims related to the Optional AD & D policy. This issue has not been decided by the Fifth Circuit Court of Appeals.

The court finds that the Optional AD & D policy paid for by Mr. Altimari was merely a component of the overall benefits plan offered by his employer. Since Norbord contributed to the overall benefits plan by paying the premiums for the Basic Life and Basic AD & D policies, the plan does not fall within the Department of Labor's safe harbor exclusion from ERISA. The court further finds that the overall benefits plan is an ERISA plan, and that Plaintiffs' state law claims are preempted.

## I. Analysis

### A. The Optional AD & D Policy is Part of an ERISA Plan

#### 1. Applicable Law

ERISA applies to any employee benefit plan established or maintained "by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(1). The parties do not dispute that Mr. Altimari's employer Norbord was engaged in commerce or activity affecting commerce. "Employee benefit plan" means an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is defined as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits in the event of ... accident, ... [or] death.

29 U.S.C. § 1002(1).

A plan qualifies as an ERISA plan if: (1) it exists; (2) it does not fall within the safe harbor exclusion established by the Department of Labor; and (3) it meets the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting the plan participants. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir.2000). The parties do not

appear to dispute that the Basic Life, Basic AD & D, and Optional AD & D policies exist or were established by Norbord for the purpose of benefitting the plan participants. The issue is whether the fact that Mr. Altimari paid the premiums for the Optional AD & D policy brings that policy within the safe harbor exclusion established by the Department of Labor.

■ A policy falls within the Department of Labor's safe harbor exclusion and is therefore not an ERISA plan if the following four criteria are met: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan. *Id.* at 190; *see also* 29 C.F.R. § 2510.3-1(j). The parties dispute whether the first of these criteria is met. Plaintiffs point to the fact that Mr. Altimari paid all of the premiums for the Optional AD & D policy, and thus argue that Norbord did not contribute to that plan. Defendant Sun Life argues that the Optional AD & D policy was in addition to, and of the same type, as the Basic AD & D policy, and thus the policies are to be viewed as one whole Plan; since Norbord paid the premiums for the Basic AD & D policy, Norbord contributed to the Plan, and therefore the Plan, including the Optional AD & D policy, falls outside the safe harbor provision.

The Fifth Circuit Court of Appeals has not addressed whether an employee-paid insurance policy may be severed and treated separately from other employer-paid benefits for the purpose of ascertaining whether it is an ERISA plan. However, other Courts of Appeals have addressed the issue. *See Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1345 (11th Cir.1994) (where employees participating in "Basic" coverage life insurance program

subsidized by employer were eligible for "Elect" life insurance policy, court held "Elect" policy could not be severed from the rest of the benefits package even though it was paid solely by employee); *Peckham v. Gem State Mut. of Utah*, 964 F.2d 1043, 1049 (10th Cir.1992) (where employer paid for medical coverage for employees, but employees paid the premiums to extend coverage to family and dependent children, safe harbor exclusion did not apply to dependent child's coverage).

In addition, other District Courts within the Fifth Circuit have also addressed the issue. *See Armstrong v. Columbia/HCA Healthcare Corp.*, 122 F.Supp.2d 739, 743 (S.D.Tex.2000) (spousal life insurance policy was "feature of" overall Plan and not exempt from ERISA coverage, notwithstanding that spousal coverage was paid for by employee; court noted that only by electing to accept employer-paid life insurance could employee choose to increase own coverage or insure lives of dependents); *Metoyer v. Am. Int'l Life Assurance Co. of N.Y.*, 296 F.Supp.2d 745, 748–50 (S.D.Tex.2003) (employee-paid policy fell within safe harbor exclusion where policy was underwritten by a different insurance company than the employer-sponsored benefits package; court drew distinction between "optional coverage provision that is a feature of an ERISA plan and coverage that arises under a policy distinct from an existing ERISA plan," stating that question is whether policy paid by employee is "merely a component" of total benefits package or is "completely separated" from benefits package subsidized by employer); *Pando v. Prudential Ins. Co. of Am.*, 511 F.Supp.2d 732, 735–37 (W.D.Tex.2007) (where employer contributes to some, but not all, benefits arising from employment relationship, court will separately evaluate whether particular

policy is an ERISA plan "only when it is clearly separate from the benefits plan" to which employer contributes).

*2. Discussion*

■ This court is in agreement with the precedent set by other jurisdictions—the question is whether the Optional AD & D policy paid for by Mr. Altimari is "merely a component" of his total benefits package, or is "completely separated" from the benefits package paid for by Norbord. Given that the Optional AD & D policy was of the same type as the Basic AD & D policy paid by Norbord and merely increased Mr. Altimari's coverage, and that both the Basic and Optional AD & D policies were underwritten by the same insurance company, Sun Life, the court is of the opinion that the Optional AD & D policy is merely a feature of the overall benefits plan provided by Norbord rather than a policy distinct from the Basic Life and Basic AD & D policies. Since Norbord contributed to the overall benefits plan by paying the premiums for the Basic Life and Basic AD & D coverage, the overall plan does not fall within the safe harbor exclusion established by the Department of Labor and is therefore an ERISA plan.

**B. ERISA Preempts Plaintiffs' State Law Causes of Action**

*1. Applicable Law*

■ ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir.2008). ERISA's preemption of state law claims is extensive. *McNeil*, 205 F.3d at 191. Section 1144(a) preempts a state law claim if that claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan. *Id.*

*2. Discussion*

Plaintiffs bring state law causes of action for failure to pay a claim, unfair claim settlement practices under the Texas Insurance Code and Texas Business and Commerce Code, breach of the duty of good faith and fair dealing, failure to comply with the prompt payment requirement of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of contract, promissory estoppel, and negligent misrepresentation. Each of these claims addresses Mr. Altimari's right to receive benefits under the terms of an ERISA plan. The court holds that all of these claims are preempted by ERISA.

**II. Conclusion**

James Altimari's Basic Life, Basic AD & D, and Optional AD & D insurance policies sponsored and administered by his employer Norbord constitute an overall benefits plan that qualifies as an ERISA employee benefit plan. ERISA preempts all of Plaintiffs' state law causes of action in this case.